## SPAIN et al. v. KURTH et al.

### No. 4009.

Court of Civil Appeals of Texas. Beaumont.

May 21, 1942.

Dallas Ivey, of Center, for appellants.

K. W. Denman, of Lufkin, for appellees.

O'QUINN, Justice.

Suit by appellees against appellants, in trespass to try title to certain land in Nacogdoches County, Texas, a portion of the R. E. Lindsey 620-acre survey.

Trial was to the court without a jury, and judgment was for appellees for the title and possession of the land involved in the suit. Appellants appealed that judgment to this court. The appeal was undertaken on affidavit of inability to make appeal bond. Appellees, in due time, filed motion to dismiss the appeal.

On submission, appellees insist that their motion to dismiss be considered and sustained, for the reason, among other grounds urged, that no appeal bond was filed, and the affidavit of inability to make appeal bond was not filed within the time required by law. Rule 356, Vernon's Texas Rules of Civil Procedure.

The case was tried in the district court of Nacogdoches County, Texas, and judgment rendered November 7, 1941. The court adjourned for the term on November 8, 1941. No motion for a new trial was filed. The affidavit of inability to make bond for costs was filed December 16, 1941, thirty-nine days after the judgment was rendered and entered of record in the minutes of the court. Rule 356, Texas Rules of Civil Procedure, requires that in case of appeal by affidavit of inability to make appeal bond, the affidavit "shall be filed not more than twenty days after such judgment or order." It is seen that under the rule the time for filing the affidavit was not complied with. Frier v. Krohn, Tex. Civ.App., 104 S.W.2d 537. Therefore the motion to dismiss must be sustained and it is so ordered. Appeal dismissed.