## TEXAS STATE HIGHWAY DEPARTMENT v. EDENS.

### No. 2548.

Court of Civil Appeals of Texas. Waco.

July 22, 1943.

Rehearing Denied Sept. 23, 1943.

Gerald C. Mann, Atty. Gen., and Geo. W. Barcus and Wm. J. R. King, Asst. Attys. Gen., for appellant.

Smith & Smith, of Anson, for appellee.

HALE, Justice.

This is a suit for compensation benefits under the provisions of Article 6674s of Vernon's Tex.Ann.Civ.Stats. The claimant alleged as a basis for recovery that on June 10, 1942, while operating a mowing machine as an employee of the State Highway Department of Texas, he suffered the loss of his right index finger. The Department answered with a special exception to the "employee" allegation, a general denial and specifically denied the claimant was its employee within the meaning of Subdivision 2, Sec. 2 of said Art. 6674s at the time of his injury, in that he was not in its service under any appointment or expressed contract of hire, his name did not appear on its pay roll, he had not submitted himself to a physical examination by a regularly licensed physician or surgeon, and he had not been certified to be placed on its pay roll. It further alleged that the claimant, at the time of his injury, was an

employee of one Vernon Watts who was then in its service under an independent contract.

At the conclusion of all the testimony the Department seasonably requested the court to peremptorily instruct the jury to return their verdict in its favor upon the specific ground, among others, that the claimant had failed to show he was its employee within the meaning of said Art. 6674s. The court overruled the motion and the Department excepted. The case was then submitted to the jury on one special issue inquiring whether claimant was an employee of the Department at the time of his injury. In connection with such issue, the court instructed the jury as follows: "By the term 'employee' as used herein, is meant every person in the service of another under any contract of hire, expressed or implied, oral or written, whereby the employer has the right to control and direct the manner, means and method used in performing the work. The relationship between 'employer and employee' is not controlled by the determination of who pays the employee for his services, but by the determination of who has the right to control the work that the employee is doing." The Department objected to the court's charge for the reason, among others, that the term "employee" was not defined as in Subdivision 2, Sec. 2, of said Art. 6674s. The jury found the claimant was an employee of the Department as defined in the court's charge. Thereupon the court rendered judgment in favor of claimant for 45 weeks' compensation and the Department has appealed.

 Under appropriate points and assignments appellant contends that since there was neither pleading nor evidence tending to show appellee was on or qualified to be on its pay roll, or within the accepted class of "employees" as defined in the Act of the Legislature authorizing the payment of compensation benefits to injured employees of the Department, the trial court erred in refusing its motion for an instructed verdict. Appellee objects to a consideration of any of the points or assignments relied upon by appellant because the original motion for new trial was filed 2 days before, and the amended motion for new trial was filed 12 days after, the judgment appealed from was actually entered. While it is contemplated under the rules of procedure that a motion for new trial shall be made within two days after the rendition of judgment, it has been repeatedly held that the trial court may, in the exercise of its discretion, entertain a motion filed after the expiration of two days. Because the court did entertain and act upon appellant's amended motion for new trial, we feel constrained to consider the assignments therein contained. Texas Employers' Ins. Ass'n v. Moreno, Tex.Civ.App., 260 S.W. 283, point 1, error refused; Commercial Standard Ins. Co. v. Lowrie, Tex. Civ.App., 49 S.W.2d 933, point 3, error refused.

The uncontradicted evidence showed that Vernon Watts was under a verbal contract with appellant at and prior to the time of the accident, by the terms of which he had agreed to furnish a mowing machine and operator for the purpose of mowing the shoulders along certain State highways and in consideration thereof appellant agreed to pay to him the sum of $1.25 per hour. It was further shown that about two weeks prior to the accident appellee began to operate the mowing machine furnished by Watts, that Watts paid appellee thirty-five cents per hour at the end of the first week for the services so rendered by him and after the accident Watts paid appellee for the services rendered by him during the second week at the same rate. The Department paid Watts for the mowing machine and operator at the rate of $1.25 per hour. We seriously doubt whether the evidence as a whole, when viewed in its most favorable light from the standpoint of appellee, was sufficient to form the basis for a legal inference that appellee was in the service of appellant at the time of his injury under a contract of hire, or if so, that appellant had the right under such contract to control and direct the manner, means and method used by him in performing his work. However that may be, there was neither pleading nor proof tending to show that appellee had ever submitted himself for examination by a designated physician, or that he was ever certified by appellant to be placed on its pay roll, or that his name ever appeared upon such pay roll, the pleadings and undisputed evidence showing the contrary.

Sec. 59, Art. III, of the Constitution of Texas, adopted in 1936, Vernon's Ann.St., authorized the Legislature to pass such laws as may be necessary to provide workmen's compensation insurance for such

State employees as in its judgment might be proper. By virtue of this constitutional amendment, the next succeeding Legislature passed a comprehensive Act, now embraced in said Art. 6674s, directing the State Highway Department to set aside from available appropriations a sum not to exceed 3½% of its annual labor pay roll out of which compensation benefits might be paid to its injured employees, and authorizing the Department to administer the Act. Subdivision 2, Sec. 2 of this Act, provides as follows: " 'Employee' shall mean every person in the service of the State Highway Department under any appointment or expressed contract of hire, oral or written, whose name appears upon the pay roll of the State Highway' Department * * *. Provided further, that no person shall be classified as an 'employee' nor be eligible to any compensation benefits under the terms and provisions of this Act until he shall have submitted himself first to a physical examination by a regularly licensed physician or surgeon designated by the State Highway Department to make such examination and thereafter been certified by the State Highway Department to be placed on the pay roll of the State Highway Department." Sec. 14a further provides that no person shall be certified as an employee of the Department until he shall have been certified by the examining physician to be physically fit to perform the duties to which he is assigned, "provided that absence of a physical examination shall not be a bar to recovery."

Where a cause of action and the remedy for its enforcement are derived not from the common law but from statute, as in this case, the general rule is that the statutory provisions with respect thereto are mandatory and exclusive, unless the contrary clearly appears. See Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, point 2 and authorities. In construing certain provisions of the Act here under consideration, the Supreme Court said in State Highway Department v. Gorham, 139 Tex. 361, 162 S.W.2d 934, 936: " * * * where a statute is plain and unambiguous, it will be enforced according to its wording. It is the duty of the court to examine the entire Act, and to construe it as a whole. The statute should be given a fair and reasonable construction, considering the language and the subject matter, in order to accomplish the legislative intent and purpose."

In order to arrive at a correct disposition of this cause, we do not deem it necessary to decide whether a person whose name does not appear on the pay roll of the Highway Department may recover compensation benefits under any possible circumstances. Appellee did not show or attempt to show any good cause, consistent with the claimed fact that he was in appellant's service under appointment or expressed contract of hire, for the absence of his name from the Department's pay roll. There was no pleading or proof that such absence was the excusable result of fraud, accident or mistake. On the contrary, the evidence shows the only reason why he was not classified as an "employee," certified as such and placed on the Department's pay roll, was because appellant's Supervisor in Jones County in good faith determined in the administration of the Act that appellee was an employee of Watts, who was an independent contractor, and hence not eligible to be classified as an employee of the Department. Without any showing of protest appellee accepted from Watts, both before and after his injury, compensation for the services rendered by him.

Certainly the Legislature intended for the plain and unambiguous language employed in Subdivision 2, Sec. 2 of the Act, to have some meaning. Whether all or any part thereof be regarded as mandatory and exclusive, or as directory only, we think a fair and reasonable construction of the entire Act necessarily impels the conclusion that no person may recover the compensation benefits therein provided for when the undisputed evidence shows, as it does in this case, that the claimant's name did not appear upon the Department's pay roll at the time of his injury and that no good cause existed, consistent with the asserted fact that he was in the service of the Department under an appointment or expressed contract of hire, as to why his name did not so appear. We are, therefore, of the opinion that appellee was not entitled to any recovery herein.

Since the evidence in the case has been fully developed, the judgment of the trial court is reversed and judgment is here rendered in favor of appellant.