A. F. JONES & SONS ET AL V. REPUBLIC SUPPLY COMPANY.

No. A-3438. Decided March 12, 1952.
(246 S. W., 2d Series, 853.)

*Cecil, Keith & Mehaffy and Quentin Keith,* all of Beaumont, for petitioner.

The Court of Civil Appeals erred in holding that under no circumstances did the trial court have authority to grant an extension of time, beyond the two days named by the rule, in which a motion for rehearing could be filed. Said rule being directory and not mandatory. Dittman v. Model Baking Co., 271 S. W. 75; Texas State Highway Department v. Edens, 174 S. W. 2d 54; Gage v. Dallas P. & L. Co. 241 S. W. 2d 196.

*Orgain, Bell & Tucker and Tom J. Hanlon,* all of Beaumont, for respondent.

The action of the Court of Civil Appeals in dismissing the appeal on the ground that the trial court was without authority to extend the time for filing a motion for new trial, was in accordance with former holding of the Supreme Court. Reynolds v. Dallas County, 146 Texas 372, 207 S. W. 2d 362; Thomas v. Thomas, 228 S. W. 2d 548; Howe v. Howe, 223 S. W. 2d 944.

MR. JUSTICE SMITH delivered the opinion of the Court.

This was a suit for damages brought by respondent against petitioners in the County Court-at-Law of Jefferson County, Texas. Judgment was rendered and entered in favor of respondent on January 30, 1951. On February 5, 1951, the trial court granted petitioners leave to file a motion for new trial. The motion for new trial was filed on February 14, 1951, and

overruled on March 30, 1951, (all of which occurred at the same term of court at which the judgment was rendered).

The Court of Civil Appeals dismissed the appeal by Per Curiam opinion, holding in substance that under Rule 320 and Rule 5, T. R. C. P., the trial court was without authority to enlarge the period for taking any action under the rules relating to new trials. 243 S.W. 2d 196.

1 The petitioner has presented four related points of error in its application for writ of error, which, in fact, present but one question—the question being: Did the Court of Civil Appeals erroneously construe Rules 320 and 5, T. R. C. P. in holding, in effect that notwithstanding the fact that a trial court has inherent jurisdiction over its judgments during the term, it does not have the inherent authority to disregard the plain language of Rule 320 and Rule 5, T. R. C. P., and enlarge the time for filing motions for new trial?

Rule 320 provides that a motion for new trial shall be made within two days after the rendition of judgment. Rule 5, after setting out what the court may, in its discretion, do, specifically provides what it may not do in the following language: * * * "but it may not enlarge the period for taking any action under the rule relating to new trials or motions for rehearing except as stated in the rules relating thereto or the period for taking an appeal or writ of error from the trial court to any higher court or the period for application for writ of error in the Supreme Court, except as stated in the rules relating thereto."

Federal Rule 6(b), 28 U. S. C. A., the source of Rule 5, T. R. C. P., became effective September 16, 1938. Subsequent to this date and before the promulgation of the Texas Rules of Civil Procedure, including Rule 5, the Federal Courts had occasion to interpret Rule 6(b).

In the case of Theiss v. Owens-Illinois Glass Co., Dist. Ct., W. D. Penn., 1 Fed. R. D. 175 (Feb., 1940), the Court said:

"On January 19, 1940, the court struck from the record in this case the plaintiff's motion for new trial, because of non-compliance with Rule 59(b), Rules of Civil Procedure, 28 U. S. C. A. following section 723c, in that the plaintiff's motion for new trial was not served within the 10 days after entry of judgment.

"We are of the opinion that we cannot now enlarge the time of serving the motion for new trial, for Rule 6(b) specifically states that the court 'may not enlarge the period for taking any action under Rule 59, except as stated in subdivision (c) thereof.'

"We therefore deny the motion to set aside the order of court striking the plaintiff's motion for new trial."

In Nachod & United States Signal Co., Inc., et al v. Automatic Signal Corporation, et al., Dist. Ct., D. Conn., (Apr. 1940), 32 Fed. Supp. 588, the court was discussing Rule 6(b) (concerning rectification of a mistake within 6 months), the court refused to enlarge the time, and made the following statement:

"It is consistent within the self-contained limitations in Rule 6(b). For 6(b) itself provides that 'it may not enlarge the period for taking any action under Rule 59' (which limits a motion for a new trial to ten days.) * * * Rule 6(b) precludes an appeal at this late stage. It would be contrary to the spirit of the rules of this court to correct an after-discovered error of law when the plaintiffs themselves have long since suffered the time for appeal from the erroneous order to expire."

Rule 6 (b) contained a strict limitation upon the right to file a motion for new trial after the filing period had expired. In the light of the interpretation of Rule 6(b) given by the Federal Courts, this court promulgated Rule 5. In plain and specific language, it contains the same provision as Rule 6(b), which denies the trial court the right to enlarge the period for filing a motion for new trial as a basis for an appeal.

Petitioner relies most strongly upon Eagle Lake Improvement. Co. v. United States, 141 Fed. 2d 562, Gage v. Dallas Power & Light Company, 241 S.W. 2d 196, and Texas State Highway Department v. Edens, 174 S.W. 2d 54, which hold that the trial judge, since he has inherent jurisdiction over the court's judgments during the term, may entertain a motion for new trial filed after the expiration of the two-day period. As said in the Eagle Lake Improvement Co. v. United States, case, supra, the trial court has the inherent power to "alter, modify, or set aside its judgment." We agree with that statement, but we do not think that the trial court's powers go beyond that. Here the trial court did not seek to alter, modify or set aside its judgment, which it has the inherent power to do, but sought to extend

the time for filing a motion for new trial as is specifically prohibited by Rule 5, T. R. C. P.

2   In the case of Gage v. Dallas Power & Light Co., supra, appellee filed a motion to dismiss the appeal (1) for failure of appellants to file a motion for new trial within two days after entry of judgment; and (2) for failure of appellants to file their appeal bond within thirty days after rendition of judgment. In passing on this motion, the Court of Civil Appeals correctly stated: "Under Rule 5 the trial court had no authority or discretion to extend the time for filing motion for new trial." However, the motion to dismiss the appeal was overruled on the theory that the act of the court in entertaining the motion for new trial had the effect of setting aside its former judgment. With this conclusion we cannot agree. The judgment, dated October 30, 1950, was the first and only judgment entered. It was not at any time altered, modified or set aside. The filing of a motion for new trial does not have the effect of setting aside the judgment theretofore entered unless the court grants the motion.

The trial court certainly could not, on its own initiative, make any effective order affirming its former judgment and thereby extend the period for perfecting an appeal. The trial court's inherent power resides only in the right of altering its former judgment and since it does not have the power on its own initiative to extend the period for appellate procedure, neither does it have the power to grant leave to file and then overrule a tardy motion for new trial, which, in effect and in actuality, goes beyond its inherent jurisdiction and beyond the scope of Rule 320 and Rule 5.

In the case of Reynolds v. Dallas County, 146 Texas 372, 207 S. W. 2d 362, the Court of Civil Appeals certified the following question:

"First: Does this Court have authority under Rules No. 458 and No. 5, Texas Rules of Civil Procedure, to extend or enlarge the time provided by Rule 458 in which motions for rehearing may be filed when good cause for delay is shown?"

This question called for the construction of Rule 458 and Rule 5. Rule 458 provides that any party desiring a rehearing of any matter determined by any Court of Civil Appeals may, "within fifteen days after the date of rendition of the judgment or decision of the court, * * * file his motion in writing for a

rehearing thereof * * *" The question was answered in the negative. The construction of Rule 458 and Rule 5 thus announced must be applied with equal force in construing Rule 320 and Rule 5. To hold otherwise, in our opinion, would be to overrule the case of Reynolds v. Dallas County, supra. We adhere to the opinion in that case and hold in this case that Rule 320 is just as plain and specific as Rule 458, and that the trial court was without authority to enlarge the time for filing an original motion for new trial.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered March 12, 1952.