**W. R. FUGITT, Appellant,**

v.

**Frank C. SLAY, Appellee.**

No. 15523.

Court of Civil Appeals of Texas. Dallas.

Oct. 16, 1959.

Rehearing Denied Nov. 13, 1959.

Jay S. Fichtner, Dallas, for appellant.

Odeneal & Odeneal, William C. Odeneal, Jr., Dallas, for appellee.

DIXON, Chief Justice.

The former opinion in this case is withdrawn and the following is substituted therefor.

This is an attempted appeal from a purported summary judgment in an action in the nature of a bill of review.

The action was filed October 25, 1957 by W. R. Fugitt seeking to set aside a judgment in favor of Frank C. Slay against W. R. Fugitt dated November 22, 1955 in a forcible entry and detainer suit which had been brought to County Court at Law on appeal.

Prior to the submission of this appeal appellee filed a motion to dismiss the appeal because of lack of jurisdiction. We overruled the motion, and the appeal on its merits is now before us.

In two counterpoints appellee has renewed his contention that this court lacks

jurisdiction to consider the appeal. His grounds are that appellant failed to perfect an appeal within 20 days of June 2, 1958, the date on which the trial court signed a judgment dismissing appellant's suit, and said judgment is now final. After further consideration of the record we have concluded that appellee's two counterpoints are well taken, and the appeal must be dismissed.

The record before us shows that on May 2, 1958, after a hearing, the trial court sustained Slay's motion to dismiss the suit for bill of review, the order of dismissal being signed June 2, 1958, nunc pro tunc as of May 2, 1958. Fugitt gave notice of appeal.

Nevertheless on the same day, June 2, 1958, after Slay's motion to dismiss had been sustained but before the written order of dismissal had been signed, the trial court verbally granted Fugitt leave to amend. The written order granting leave to amend was not signed until August 4, 1958. Meantime other proceedings had taken place. On June 6, 1958 appellee Slay filed a motion for summary judgment, the opening paragraph of which was as follows: "Now comes Frank C. Slay, defendant in the above entitled and numbered cause, and subject to the order of the court heretofore made and entered on May 2, 1958, and subject to the order heretofore signed herein nunc pro tunc on June 2, 1958, which said order defendant alleges and maintains fully and finally disposes of plaintiff's suit herein, and excepting to the court's ruling on June 2, 1958, allowing plaintiff leave to amend, and without in any way admitting the legal necessity of doing so, files this his motion for a summary judgment under Rule 166-A of the Texas Rules of Civil Procedure, and as grounds therefor would respectfully show unto the Court the following: * * *." Appellant Fugitt filed an amended petition June 9, 1958.

On June 11, 1958 the trial court sustained Slay's motion for summary judgment, the written judgment showing that it was signed June 13, 1958. On July 2, Fugitt filed an affidavit in lieu of an appeal bond undertaking to appeal from the judgment of June 13, 1958.

Appellee takes the position that the trial court's dismissal of appellant's bill of review on May 2, 1958, as shown by the nunc pro tunc order of June 2, 1958, is a final judgment which has not been set aside, nor appealed from; and that since Rule 301, Vernon's Rules of Civil Procedure provides that only one final judgment can be entered in a suit, the purported judgment of June 13, 1958, from which this appeal is taken, is void.

Appellant contends that the order of June 2, 1958 was not a final judgment but was merely an interlocutory order; that appellee's motion to dismiss was nothing more than a plea in abatement under Rule 71, V.R.C.P. and should be so regarded regardless of its designation; and that it was the intention of the trial court for the order to be interlocutory, as is evidenced by the court's action in granting appellant leave to amend.

The motion filed by appellee as defendant in the trial court is unambiguous and is properly designated a motion to dismiss. After three paragraphs in which specific grounds are alleged, appellee prays that the court "dismiss the plaintiff's petition or bill of review and that defendant be allowed to recover his costs herein."

The nunc pro tunc judgment signed June 2, 1958 is also unambiguous. We quote the material part of the judgment: "It Is Therefore Ordered, Adjudged and Decreed, that Defendant's motion to dismiss is and the same is hereby granted and the cause of action filed herein by plaintiff is hereby dismissed so that plaintiff shall take nothing from the defendant by this suit, all costs of court to be taxed against the plaintiff, for which the officers of this court may have execution.

"To all of the foregoing action of the Court plaintiff duly excepted in open court

and gave notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District, sitting at Dallas, Texas.

"Signed and rendered this 2 day of June 1958, Nunc Pro Tunc."

The judgment was properly entered in the minutes of the court. It is undoubtedly a final judgment. First National Bank of Houston v. Fox, 121 Tex. 7, 39 S.W.2d 1085. No motion for new trial was filed. The judgment has not been appealed from, or set aside.

■■■ In an opinion adopted by our Supreme Court a Commission of Appeals has held that the rule is well settled that the entry of a second judgment in the same case is not a vacation of the first, and that if there is nothing to show the first was vacated the second is a nullity. Mullins v. Thomas, 136 Tex. 215, 150 S.W.2d 83. Applying this rule we must hold that the judgment of June 13, 1958 is a nullity.

■■■ The affidavit in lieu of an appeal bond was not filed by appellant until July 2, 1958. Appellant has not filed an appeal bond, or any affidavit in lieu of an appeal bond other than the affidavit of July 2, 1958. Rule 356(b), V.R.C.P. requires that an affidavit in lieu of an appeal bond be filed within 20 days after the rendition of the judgment or order. The Rule is mandatory. Where the affidavit is not filed within the 20 days period a motion to dismiss the appeal must be sustained. Spain v. Kurth, Tex.Civ.App., 163 S.W.2d 247. In this case the affidavit was filed more than 20 days after entry of the judgment of June 2, 1958, so it did not perfect an appeal from that judgment. The purported summary judgment signed June 13, 1958, from which appellant has attempted to appeal, is a nullity.

Appellee's first and second counterpoints are sustained.

The appeal is dismissed.