GULF COAST RICE MILLS v. ORKIN EXTERMINATION COMPANY, INCORPORATED

No. A-8391. Decided May 31, 1961
(347 S. W. 2d Series 250)

*Carnes & Martin,* of Houston, for petitioner.

*The Kempers* and *John D. Richardson,* all of Houston, for respondents.

PER CURIAM.

The application for writ of error in this cause must be dismissed for the reason that the same was filed more than thirty days after the motion for rehearing in the Court of Civil Appeals was overruled by the Court of Civil Appeals. Rule 468, Texas Rules of Civil Procedure.

On February 9, 1961, the Court of Civil Appeals handed down its decision reversing the judgment of the trial court and remanding the cause for another trial, 343 S.W. 2d 768.

On February 24, Gulf Coast Rice Mills, appellee in the Court of Civil Appeals, filed its motion for rehearing.

On March 2, the Court of Civil Appeals overruled this motion without written opinion.

On March 3, the day after the Court of Civil Appeals had overruled the motion, Gulf Coast Rice Mills filed a request to amend its motion for rehearing. This request was denied by the Court of Civil Appeals, the same day it was filed.

On March 16, Gulf Coast Rice Mills filed a second motion for rehearing.

On March 23, this second motion for rehearing was overruled by the Court of Civil Appeals.

On April 24, (a Monday) Gulf Coast Rice Mills filed its ap-

plication for writ of error with the Clerk of the Court of Civil Appeals.[1]

The filing of the second motion could not extend the time for filing the application for writ of error, as the Court of Civil Appeals, on March 2, had overruled the original motion for rehearing without written opinion. The provisions contained in the second paragraph of Rule 458 did not operate to extend the period of time for the filing of an application for writ of error under the factual situation disclosed by the record before us.[2] Wagner v. Texas & New Orleans Railway Co., reported under style of National Compress Co. v. Hamlin, 114 Tex. 375, 269 S.W. 1024, l.c. 1026.

The application for writ of error is dismissed for want of jurisdiction.

Opinion delivered May 31, 1961.

___

1. Had the date of the overruling of the second motion been the proper date from which to calculate the thirty-day period prescribed by Rule 458, the filing on April 24 would have been timely under the provisions of Rule 4, as April 22 was a Saturday.

2. The second paragraph of Rule 458 reads as follows:

"If the Court of Civil Appeals hands down an opinion in connection with the overruling of a motion for rehearing, a further motion for rehearing may, if the losing party deems same necessary, be filed within fifteen days after such opinion is handed down and the above regulations and those of Rules 460 and 468 shall apply to it as though it were the first motion; but a further motion for rehearing shall not be made as a matter of right in any other case."