**BELLMEAD STATE BANK, Appellant,**

v.

**Thomas M. CAMPBELL, Appellee.**

**No. 4302.**

Court of Civil Appeals of Texas.

Waco.

Nov. 12, 1964.

**206**

John B. McNamara, Jr., Waco, for appellant.

John B. Faulkner, Waco, for appellee.

McDONALD, Chief Judge.

This is an attempted appeal from a final judgment of the Trial Court entered on August 28, 1964. Appellee filed motion to dismiss the appeal for want of jurisdiction.

The judgment of the Trial Court recites no notice of appeal. The Trial Court, on August 28, 1964, further entered an order overruling appellant's motion for judgment non obstante veredicto; and on September 11, 1964 entered a second order overruling appellant's motion for judgment non obstante, and on September 11, 1964 entered another order explaining why the second order overruling appellant's motion for judgment non obstante was entered.

Appellant filed no appeal bond, but deposited cash in lieu of appeal bond with the District Clerk on October 9, 1964.

Appellant caused Transcript to be filed in this court on October 23, 1964, and requested and received an extension of time for filing Statement of Facts.

Appellee's motion to dismiss the appeal asserts appellant did not give notice of appeal as required by Rule 353 Texas Rules Civil Procedure; and that appellant failed to timely file appeal bond or cash deposit in lieu thereof, as required by Rule 356 T.R.C.P.

Appellant answered such motion, asserting that upon completion of the Statement of Facts in this case, "same will affirmatively show that appellant has given notice of appeal as required by law, and that a deposit of cash in lieu of appeal bond has been made and filed as required by law."

Assuming without deciding that the Statement of Facts when filed will reflect that notice of appeal was given as required by law, the Transcript before us is sufficient for a determination of whether appellant's cash deposit, in lieu of appeal bond, was timely made.

Rule 356 T.R.C.P. provides that cash deposit in lieu of appeal bond must be made with the Clerk within 30 days after rendition of judgment (or order overruling motion for new trial). As noted, judgment was entered on August 28, 1964. There was no motion or order overruling motion for new trial. Cash deposit in lieu of appeal bond was made with the Clerk on October 9, 1964. Since such deposit was made more than 30 days after judgment, it came too late. Glidden Co. v. Aetna Cas. & Surety Co., 155 Tex. 591, 291 S.W.2d 315; Page v. City of Corsicana, CCA (n. w. h.), 305

S.W.2d 377; Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853; 3 Tex.Jur.2d p. 564, et seq.

It cannot be contended that time should be computed from September 11, 1964, the date the Trial Court entered its second order overruling motion for judgment non obstante, because such is an interlocutory order and not appealable.

In any event the Trial Court cannot, by its own initiative, make any order affirming its former judgment, and thereby extend the time for perfecting appeal. Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853.

It is the policy of this court to exercise its discretion liberally in permitting an appeal to any aggrieved party, but here we have no discretion, as the requirement for filing bond or cash deposit in lieu, within the time fixed by the Rule, is mandatory and jurisdictional.

Appellee's motion is sustained and appeal dismissed for want of jurisdiction. Dismissed.