**TEXAS & NEW ORLEANS RAILROAD CO., Petitioner,**

v.

**E. H. ARNOLD, Respondent.**

**No. A–10374.**

Supreme Court of Texas.

Feb. 24, 1965.

Rehearing Denied and Dissenting Opinion Filed March 24, 1965.

Nat H. Davis, Conroe, Baker, Botts, Shepherd & Coates, McGregor, Sewell, Junell & Riggs, Houston, for petitioner.

McClain & Harrell, Conroe, Helm, Jones, Pletcher & Winkelman, Houston, for respondent.

POPE, Justice.

E. H. Arnold sued Texas & New Orleans Railroad Company under the Federal Employers' Liability Act and obtained a judgment on a verdict for $90,000 for injuries to his back. The Court of Civil Appeals affirmed. 381 S.W.2d 388. Railroad, petitioner here, urges a reversal because the trial court submitted two issues too broadly, improperly defined the term "suitable equipment," and plaintiff's attorney engaged in prejudicial argument in telling the jurors the effect of their answers to the issues. We are inclined to the view that these points would not require a reversal, but before we reach them we are faced with

Arnold's motion to dismiss Railroad's appeal. Arnold insists that Railroad did not timely perfect its appeal to the Court of Civil Appeals, and for that reason, the Supreme Court has no jurisdiction. Texas State Board of Examiners in Optometry v. Carp, 162 Tex. 1, 343 S.W.2d 242. More specifically, Arnold contends that Railroad's motion for new trial was overruled by operation of law on September 23, 1961, and the record was not filed in the Court of Civil Appeals until November 27, 1961, which was five days too late. The important dates are as follows:

| | |
|---|---|
| June 26, 1961 | Final judgment. |
| July 5 | *Original motion for new trial filed.* |
| July 22 | Amended motion for new trial filed. |
| August 19 | Written agreement filed to extend time for presentment and determination to September 23. |
| September 22 | Amended motion for new trial presented and taken under advisement. |
| *September 23* | *Period of extension under August 19 agreement expired.* |
| September 29 | Trial judge signed nunc pro tunc order as of Sept. 22 extending time for determination to September 30. |
| September 30 | Trial court overruled amended motion for new trial. |
| November 27, 1961 | Record filed in Court of Civil Appeals. |

———◆———

Arnold's contention is that Rule 329b, Texas Rules of Civil Procedure, required the trial court's determination of the amended motion within forty-five days from the date of filing the original or amended motion, unless there was an agreed extension of time in compliance with that rule. Arnold says that only one such agreement was made and it postponed the determination to and including September 23. Railroad urges that there was a second postponement, because counsel for both parties on September 22 agreed in open court to another postponement until September 30, and the agreement was dictated into the record.

On September 22, within the period of the first agreed extension, counsel for both parties were in court in connection with Railroad's motion for new trial. The court reporter recorded this occurrence:

"Mr. Sewell: It is agreed the Court can sign an order extending the time until next Saturday?

"Mr. Jones: We certainly want to accommodate the Court.

(Discussion off the record)

"Mr. Sewell: Let the record show that pursuant to agreement of both sides, the Court has extended the time for determination of the motion which was presented this morning to and including Saturday, September the 30th 1961."

On September 29, the trial judge signed an order which first recited the above agreement and then ordered that the "time for the determination of the Defendant's Amended Motion for New Trial in this cause be, and the same is, hereby extended to and including the 30th day of September,

1961." He ordered it filed by the Clerk as of September 22, "the date of the agreement in open court of counsel for this extension of time for the determination of said motion." After the record was in fact filed with the Court of Civil Appeals, Arnold moved to strike it and for a dismissal of the appeal. The court reporter then transcribed his notes concerning the agreement and he certified to their correctness on December 21, 1961. The trial court ordered the reporter's notes and certificate transmitted for filing as a supplemental transcript to the Court of Civil Appeals. On January 2, 1962, this was done. Railroad argues that these facts, taken with Rule 11, constituted a written agreement within the meaning of Rule 329b. Rule 11 and the pertinent portions of Rule 329b are:

Rule 11: "No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

Rule 329b. * * * 3. "All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by one or more successive written agreements of the parties in the case filed with the clerk of the court the decision of the motion is postponed to a day certain specifically set out in any such agreement. Any such day certain shall not be more than ninety (90) days after such original or amended motion is filed."

4. "It shall be the duty of the proponent of an original or amended motion for new trial to present the same to the court within thirty (30) days after the same is filed. However, at the discretion of the judge, an original motion or amended motion for new trial may be presented or hearing thereon completed after such thirty (30) day period. Such delayed hearing shall not operate to extend the time within which the original or amended motion must be determined, unless such time be extended by agreement as provided for in the preceding subdivision of this Rule. * * *"

█ Rule 11 recognizes two kinds of enforceable agreements, those that are in writing, signed and filed with the papers, and those made in open court and entered of record. Even though we construe Rules 11 and 329b together, as Railroad insists we should, the latter rule makes specific requirements with respect to motions for new trial. Rule 11 recognizes an agreement made in open court, but Rule 329b omits that form of agreement entirely. The purpose of Rule 329b is made even clearer when we compare its requirements for extension agreements before and after the date of the amendment to Section 3 of Rule 329b which was effective January 1, 1961. Before that date the rule required merely a "written agreement of the parties"; afterwards, it required not only a written agreement but also that it be "filed with the clerk." We hold that the unsigned agreement dictated into the record is not a written agreement as required by Sections 3 and 4 of Rule 329b.

█ Railroad did not timely file with the clerk any written agreement. The notes of the court reporter were not transcribed and filed with the district clerk until December 27. Moreover, it was not the intent of Rule 329b, as amended, to make a court reporter's notes the same thing as an agreement signed and filed with the clerk. One seeking to determine the status of a pending appeal, or a clerk who must determine whether an appeal is timely taken, should find his answers in the documents that are timely on file in the clerk's office, and not in the untranscribed notes of the court reporter.

Rule 329b, as amended, in its requirement that extension agreements be filed with the clerk, made that step consistent with the requirements for other documents which constitute steps in the appeal of a cause. Timely filing with the proper clerk is necessary in the case of an original motion for new trial, Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853; an affidavit of inability to pay costs, Rule 356(b), Fugitt v. Slay, Tex.Civ.App., 329 S.W.2d 358, error dism.; the record on appeal to the Court of Civil Appeals, Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587; a motion for rehearing, State Board of Morticians v. Cortez, 157 Tex. 649, 308 S.W.2d 12; and an application for writ of error, Gulf Coast Rice Mills v. Orkin Exterminating Co., 162 Tex. 329, 347 S.W.2d 250.

A judge's order which fails to meet the requirements for a written agreement signed by the parties and which is not timely filed with the clerk is not a compliance with Rule 329b.

Railroad relies upon Texas Employers' Ins. Ass'n v. Martin, 162 Tex. 376, 347 S.W.2d 916, in support of its contention that the open-court agreement, when recorded by the court reporter and construed in the light of Rule 11, excused the late filing of the agreement. That decision dealt with Rule 329b prior to its 1961 amendment which added the specific requirement that the agreement be filed with the clerk. It also stands for the proposition that an agreement made in time but filed too late is not in compliance with the rule.

We therefore are forced to the conclusion that Railroad's amended motion for new trial was overruled by operation of law after September 23, and the Court of Civil Appeals should have dismissed the appeal.

The appeal is dismissed.

GREENHILL, Justice (dissenting).

I respectfully dissent because of the dismissal of the appeal.

In my opinion, for the reasons hereinafter set out, the appeal should not have been dismissed. I would affirm the judgments of the courts below. Under the broad holdings of the Supreme Court of the United States in F.E.L.A. cases, the jury issues with regard to the railroad's failure to furnish suitable equipment to the plaintiff, answered by the jury favorably to the plaintiff, will support the judgment for the plaintiff. Moreover, in view of that Court's approach to F.E.L.A. cases, I would not reverse on the argument of plaintiff's counsel to the jury.

I cannot agree that the appeal was lost for failure to file the record in time. As this Court's opinion shows, the trial judge wanted additional time to study the motion for new trial. Counsel for both parties were prepared and ready, but the judge needed additional time. Counsel for both parties wanted to oblige the court, and so stated in open court. Both were willing for the time to be extended for the benefit of the trial judge. Whereupon, counsel for defendant, in open court, while the matter was being considered, stated:

"Let the record show that pursuant to agreement of both sides, the Court has extended the time for determination of the motion which was presented this morning to and including Saturday, September the 30th 1961."

The agreement was reduced to writing by the Court reporter and appears in the record. It is shocking to me that this gentlemen's agreement, made in open court, at the request and order of the court, should not be binding. I would construe Rule 11 with Rule 329b and would hold that the record was filed in time.