*644 OPINION ON APPELLANTS’ MOTION FOR REHEARING
On July 31, 1973, after the entry of our original opinion, Appellants caused a Supplemental Transcript to be filed containing an order of the trial court signed by the trial court on July 27, 1973, shown to be filed with the District Clerk on July 31, 1973, which order reads as follows :
“ORDER RE-SETTING HEARING
“Be it remembered on this the 26th day of February, 1973, the Court on its own motion, determined that Defendants Motion for New Trial heretofore filed on the 9th day of February, 1973, and set for hearing by this Court for 1:00 o’clock p. m. on March 2, 1973 should be re-set and hearing should be had before this Court on “Defendants Motion for New Trial on April 6, 1973 and counsel for Plaintiff and counsel for Defendant having agreed to said re-setting of the hearing on Defendants Motion for New Trial:
“IT IS THEREFORE ORDERED that said Motion be set for hearing before the Judge of this Court, sitting in the regular Courtroom in the Courthouse at Madisonville, Madison County, Texas, on the 6th day of April, A.D., 1973, at 1:00 o’clock p. m.
“SIGNED this 27th day of July, 1973.
James F. Warren_ JAMES F. WARREN, JUDGE 12th Judicial District Court Madison County, Texas.”
Appellants contend that since the order shows on its face that the trial court on its own motion determined that the hearing on the Motion for New Trial should be re-set from March 2, 1973, to April 6, 1973, and the order further recites that counsel for both sides agreed to such re-setting of the hearing, that this was a compliance with Rule 329b, Texas Rules of Civil Procedure, and that the effective date of the order overruling the motion for new trial was extended to April 6, 1973. If this contention were correct, then Appellants’ appeal bond (filed on April 30, 1973) would have been timely filed.
We overrule this contention.
As stated in our original opinion, the forty-fifth day from the date the Motion for New Trial was filed was Monday, March 26, 1973. Since the trial court had not determined or disposed of this Motion for New Trial on or before Monday, March 26, 1973, this means that as of Tuesday, March 27, 1973, the Motion for New Trial was overruled by operation of law. Therefore, the trial court’s order signed July 27, 1973, filed with the District Clerk on July 31, 1973, and shown in the Supplemental Transcript was late and is a nullity. Moreover, the recitation in the order that counsel for both sides agreed to the re-setting of the hearing fails to meet the requirements of Section 3 of Rule 329b, which requires “one or more successive written agreements of the parties in the case filed with the clerk of the court,” postponing a decision on the Motion to “a day certain specifically set out in any such agreement.” See Texas and New Orleans Railroad Co. v. Arnold (Tex.Sup.Ct.1965) 388 S.W.2d 181.
Appellants’ Motion for Rehearing is accordingly overruled.