**Michael R. MEADORS, Appellant,**

v.

**Thomas PHILLIPS et al., Appellees.**

**No. 6326.**

Court of Civil Appeals of Texas, Waco.

March 26, 1981.

Rehearing Denied April 23, 1981.

Stuart F. Lewis, Lewis & Lewis, Bryan, for appellant.

Robert J. Hanley, Sheehy, Lovelace & Mayfield, Waco, J. W. Patten, Houston, for appellees.

## OPINION

McDONALD, Chief Justice.

Plaintiff Meadors sued defendants Phillips and Perez for $6500 alleged damages to plaintiff resulting from a collision between plaintiff's automobile and defendant Phillips' automobile driven by defendant Perez.

The trial court rendered judgment on *August 6, 1980* that plaintiff take nothing against defendant Phillips and recover $150 against defendant Perez.

Plaintiff filed motion for new trial on August 26, 1980, which motion was denied by the trial court on September 4, 1980.

Plaintiff filed his appeal bond on *October 6, 1980.*

On December 1, 1980 the trial court entered judgment nunc pro tunc in the cause conforming such judgment to the "judgment as rendered on August 6, 1980".

Plaintiff filed no further appeal bond.

Plaintiff has caused transcript and statement of facts to be filed in this court.

Defendants have filed motion to dismiss the appeal for want of jurisdiction.

■ Rule 329b TRCP in effect at that time required a motion for new trial to be filed within 10 days after judgment. Plaintiff's motion for new trial filed on August 26, 1980, some 20 days after the judgment was a nullity.

Rule 356 TRCP requires in such situation that plaintiff's appeal bond be filed within 30 days after judgment. Plaintiff's appeal bond filed on October 3, 1980, some 58 days after judgment was a nullity. *Wilson v. Worley*, CCA (Waco) NRE, Tex.Civ.App., 562 S.W.2d 22; *Bellmead State Bank v. Campbell*, CCA (Waco) NWH, Tex.Civ.App., 386 S.W.2d 205; *Bernal v. Travelers Insurance Company*, CCA (Waco) NWH, Tex.Civ. App., 469 S.W.2d 641; *Dillard v. McClain*, S.Ct., 159 Tex. 559, 324 S.W.2d 163.

■ The trial court rendered a judgment nunc pro tunc in the case on December 1, 1980. The trial court could not by this action extend or enlarge the time table for filing of the appeal bond. *Glidden Compa-*

*ny v. Aetna Casualty & Surety Company,* S.Ct., 155 Tex. 591, 291 S.W.2d 315; *A. F. Jones & Sons v. Republic Supply Co.,* S.Ct., 151 Tex. 90, 246 S.W.2d 853.

Motion granted, appeal dismissed.

APPEAL DISMISSED.