```
===============
```
## MDL No. 08-0956
```
===============
```

### IN RE PETROLEUM WHOLESALE L.P. LITIGATION

```
====================================================
```
### ON REVIEW BY THE MULTIDISTRICT LITIGATION PANEL
```
====================================================
```

PRESIDING JUDGE PEEPLES delivered the opinion of the MDL Panel.

In 2008, three class action cases were filed in Ellis, Galveston, and Harris Counties, alleging that the defendants engaged in illegal gasoline pricing. At the defendants' request, we stayed the proceedings and in February 2009 granted their motion seeking appointment of a pretrial MDL judge.[1] In May the plaintiffs notified us that the Ellis and Galveston cases had been nonsuited; they asked us to withdraw the stay and, in effect, to rescind our MDL order. They argued that with only one case pending there was no longer any basis for MDL proceedings. In June, we agreed with their request and rescinded our MDL order. Because we had not at that time named a pretrial judge, the one remaining case is still pending in Harris County, where it was filed. Defendants have made several arguments in opposition to the plaintiffs' request that we set aside our MDL ruling.

Defendants first argue that Rule 13 does not authorize the MDL Panel to rescind a transfer order. The rule in fact does not speak to this issue one way or the other. In certain

---

[1] For other details about the litigation and the parties, see *In re Petroleum Wholesale Litig.*, 2009 WL 887988 (Tex. M.D.L. Panel 2009).

circumstances, it does authorize us to retransfer cases *from one pretrial judge to another*,[2] but it says nothing about rescinding a transfer order and returning cases to the original trial court. In the absence of guidance from Rule 13, we think we have inherent power to rescind a transfer order, at least in the situation before us, where no pretrial judge has been named and no case has left any trial court. Courts have inherent power over the orders they have issued, except as that power has been validly modified by constitution, statute, or rule. *See Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 n.1 (Tex. 1979); *A. F. Jones & Sons v. Republic Supply Co.*, 246 S.W.2d 853, 855 (Tex. 1952). We leave for another day the question whether we could rescind a completed transfer order, taking cases away from a named pretrial judge and transferring them back to a trial court. The plaintiffs are correct in saying that with only one case pending in Texas there are no longer any "related cases," which Rule 13 requires before we assess issues of convenience, efficiency, and justice and transfer anything to a pretrial court.

Next, the defendants make two arguments that rest on possible future events—that the old cases might be refiled and that new tag-along cases[3] might later be filed. They suggest that if we rescind our order the plaintiffs might later simply re-file the cases in Ellis and/or Galveston Counties (or ask those courts to reinstate them). Plaintiffs say they will not do this, and because of their assurances and because the gamesmanship of refiling would be so obvious, we consider the likelihood of refiling to be minuscule. Defendants' other argument is that similar tag-along

---

2 "[T]he MDL Panel may order cases transferred from one pretrial court to another pretrial court when the pretrial judge has died, resigned, been replaced at an election, requested retransfer, recused, or been disqualified, or in other circumstances when retransfer will promote the just and efficient conduct of the cases." TEX. R. JUD. ADMIN. 13.3(o).

3 Rule 13 defines tag-along cases as follows: "*Tag-along case* means a case related to cases in an MDL transfer order but not itself the subject of an initial MDL motion or order." *See* TEX. R. JUD. ADMIN. 13.2(g) (emphasis in original). The term seems not to apply to potential future filings in this matter because there is no longer an MDL transfer order.

cases might be filed in the future, and that a pretrial court would then be needed to take them. In some situations that might be a real prospect. But with the potential state-wide class action already pending in a Harris County district court, together with the MDL history in this matter, it seems unlikely that related cases will be filed in other venues. If we are mistaken, and related cases are filed in the future, there is nothing to prevent the defendants from filing another motion to transfer and again placing the matter in our hands.

Defendants' final argument concerns the remaining issues in the Ellis and Galveston County trial courts. They say that issues of costs, sanctions, and attorneys' fees are still pending in those counties. Whatever may be the status of such issues, they have no bearing on our decision to rescind our MDL order. Nothing that we have said or done in this matter has removed those issues from the trial courts. In February, we granted the MDL motion, but we did not take the next step of ordering the cases transferred to a particular pretrial judge. The cases therefore have remained pending in the original trial courts. Those courts still have jurisdiction to grant the nonsuits and sign dismissal orders and also to dispose of any claims for affirmative relief that may be pending, subject to the rules of trial court jurisdiction and procedure after a notice of nonsuit has been filed. *See* TEX. R. CIV. P. 162; *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997); *University of Texas Medical Branch v. Estate of Blackmon*, 195 S.W.3d 98, 100-101 (Tex. 2006). We intimate nothing about the extent of plenary power remaining or how those courts might exercise their discretion. We simply say that the issues remaining in the trial courts have no relevance to our decision to set aside our MDL order.

For the reasons stated, the stay order and order of transfer are rescinded.

JUSTICES STONE, MCCLURE, WRIGHT, and BROWN concur.

_____
David Peeples, Presiding Judge

**OPINION DELIVERED**: August 5, 2009