Jack G. PARK, Appellant,

v.

ESSA TEXAS CORPORATION et al.,
Appellees.

Nos. 11879–11881.

Court of Civil Appeals of Texas.

Austin.

Oct. 16, 1957.

Rehearing Denied Oct. 30, 1957.

Archer & Archer, John C. Butler, Austin,
for appellant.

Hart, Brown, Sparks & Erwin, Austin,
for appellees.

PER CURIAM.

Motion No. 11,879 is by appellant Jack G. Park. It requests us to accept and order filed transcript and statement of facts tendered for filing in this Court on September 27, 1957.

Motion No. 11,880, filed by appellees, is to affirm on certificate.

Motion No. 11,881, filed by appellant October 1, 1957, is for an extension of time within which to file transcript and statement of facts in this Court.

The record shows:

Trial to a jury commenced July 16, 1957 and continued until July 18, 1957, when the Trial Judge withdrew the case from the jury, discharged the jury and announced he would enter judgment against appellant. Such judgment was entered July 19, 1957. It recited appellant's exception and notice of appeal to this Court.

On July 19, 1957, appellant filed a motion for new trial. The only error assigned in this motion was the action of the Trial Court in withdrawing the case from the jury.

The motion for new trial was overruled July 30, 1957, by an order entered July 31, 1957.

Appellant's appeal bond was filed and approved July 30, 1957.

Appellant tendered a transcript for filing in this Court on September 27, 1957, and also a statement of facts certified to by the court reporter and approved by counsel for appellant. It does not bear the approval of either the Trial Judge or counsel for appellees.

Under these circumstances we must first determine whether or not the tender of the transcript and statement of facts was timely, the time for filing being within 60 days from the "rendition of the final judgment or order overruling motion for new trial." Rule 386, Texas Rules of Civil Procedure.

The sixty day period expired September 17, 1957, if calculated from the date of the final judgment (7–19–57) and on September 30[1], 1957, if calculated from the date of the order overruling motion for new trial (7–31–57)[2].

It is our opinion that appellate steps must date from the judgment and not from the order overruling the new trial motion.

Rule 324, T.R.C.P., provides that a motion for new trial shall not be prerequisite to appeal when " * * * a case is withdrawn from the jury and judgment is rendered by the court without a jury * * *" but that a motion for new trial "* * * shall be a necessary prerequisite to consideration of the complaints mentioned in Rule 325. * * *"

The "complaints" mentioned in Rule 325, T.R.C.P., do not include the one made by appellant in his motion for new trial.

It follows then that the motion filed by appellant was unnecessary, not required by any court rule or other rule of law and was purely voluntary on his part.

In A. F. Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853, 855, followed by us in First National Bank of Bryan v. Roberts, Tex.Civ.App., 280 S.W.2d 788, writ ref. n.r.e., the Court held that a tardy motion for new trial could not be used as a basis for enlarging the time for taking appellate steps the Court saying:

"The filing of a motion for new trial does not have the effect of setting aside the dates of judgments and orders for appellate purposes because it is immaterial here that we determine the exact dates, the range of permissible dates (one day) being inconsequential.

---

1. September 29 (Sunday) is the sixtieth day. See Rule 4, T.R.C.P.
2. Neither as to this order nor the final judgment have we considered the possible effect of Rule 306a, T.R.C.P., relating to

the judgment theretofore entered unless the court grants the motion.

"The trial court certainly could not, on its own initiative, make any effective order affirming its former judgment and thereby extend the period for perfecting an appeal. The trial court's inherent power resides only in the right of altering its former judgment and since it does not have the power on its own initiative to extend the period for appellate procedure, neither does it have the power to grant leave to file and then overrule a tardy motion for new trial, which, in effect and in actuality, goes beyond its inherent jurisdiction and beyond the scope of Rule 320 and Rule 5."

■ It seems clear to us, on principle, that an unnecessary motion for new trial should not be permitted to delay appellate procedures when a necessary but tardily filed motion for new trial cannot have such effect. Certainly a party, acting singly, should not have the power by his voluntary action to delay an appeal when a party and the Trial Court by similar action cannot do so.

Appellants cite Neely v. Tarrant County, 132 Tex. 357, 124 S.W.2d 101, as authority for his contention that appellate steps are controlled by the date on which "any" motion for new trial is overruled. This opinion is quite favorable to appellant and would be decisive for him except for these considerations: (1) It was decided before the adoption of our present Court Rules and does not involve statutes or rules of similar import. (2) The case upon the reasoning of which such decision was based is no longer the law.[3] (3) The withdrawn opinion of the Supreme Court in City of Corpus Christi v. Gregg, 1955, 24 Tex.Sup.

Ct.Rptr. 436. That opinion dealt with this identical question and ruled as we do. Upon rehearing it was ascertained that the motion for new trial was a required motion and not a voluntary one and the Court withdrew its opinion. See Tex., 289 S.W.2d 746.

If we are correct in this holding then the transcript and statement of facts were not tendered for filing within the sixty days limit.

■ We must now consider appellant's motion for an extension of time within which to file the transcript and statement of facts. This motion is timely filed. Rule 386.

■ We will not copy such motion but it appears therefrom that the first step taken by appellant to complete his appeal after filing an appeal bond on July 30, 1957, was on September 17, 1957, the last day for filing the record in this Court, when he procured an order from the Trial Court extending the time for filing a statement of facts in the Trial Court. Appellant does detail some of the difficulties he encountered on September 26, 1957, in attempting to procure approval of the statement of facts by the Trial Judge and opposing counsel but not a single fact is stated in the motion for extension showing or attempting to show "good cause to have existed within such sixty-day period why said transcript and statement of facts could not be" timely filed. Rule 386, supra.

It is our opinion that Motions Nos. 11,879 and 11,881, should be overruled and Motion No. 11,880 should be granted. It is so ordered.

Motions Nos. 11,879 and 11,881 overruled.

Motion No. 11,880 granted.

---

3. This was Dittman v. Model Baking Co., Tex.Com.App., 271 S.W. 75, which held that an order overruling a late motion for new trial was a proper predicate for appeal contrary to Jones quoted from infra.