JACK G. PARK V. ESSA TEXAS CORPORATION ET AL

No. A-6587. Decided March 12, 1958.
(311 S.W. 2d Series 228)

*John C. Butler, Archer & Archer, Evelyn Lincoln Archer* and
*L. Hamilton* Lowe, all of Austin, for petitioner.

*Hart, Brown, Sparks & Erwin, James P. Hart,* all of Austin,
for respondents.

MR. JUSTICE GREENHILL delivered the opinion of the Court.

In this case, involving a construction of the rules of Texas
appellate civil procedure, the question is whether Park has lost
his right of appeal because of his failure to file the transcript of
the record in the Court of Civil Appeals in time. That Court held
that he had and dismissed his case. 306 S.W. 2d 383. We here
reverse that judgment, reinstate Park's appeal, and return the
case to the Court of Civil Appeals for its consideration of the
merits of the case.

■ In a nonjury case, as this case is treated, a motion for new
new trial is not prerequisite to appeal. Rule 324.[1] But the filing
of a motion is not prohibited, and various rules including Rule
324, infra, recognize that one may be filed.

After the entry of judgment against him, Park promptly filed
a motion for new trial. It was overruled 10 days later. He filed
the transcript within 60 days from the date on which his motion
was overruled. But he did not file it within 60 days from the date
of the rendition of the judgment.

The subject of Rule 323 is: "Grounds of Motion [for New
Trial] in Causes Tried Without Jury." It states:

"When the case is determined by the judge without a jury,
*if a motion for new trial is filed,* counsel shall specify succinctly
the supposed errors * * * *."

---

1.—Rule 324: "In all cases tried * * * in the district court, where parties desire
to appeal * * * a motion for new trial shall be filed as a prerequisite to appeal;
provided it shall not be so prerequisite where a peremptory judgment is given,
a case is withdrawn from the jury * * *, nor shall a motion for new trial be so
required in a non-jury case * * * * ."

All rules herein referred to are those of the Texas Rules of Civil Procedure.
Emphasis throughout is the Court's.

Rule 386 provides that:

"In appeal * * * the appellant shall file the transcript * * * within 60 days from the rendition of judgment *or the order overruling the motion for new trial* * * * *."

As we read Rule 386, it makes no distinction between cases in which a motion for new trial is a prerequisite to appeal and those in which it is not. It simply and plainly says that the transcript must be filed within 60 days (1) from the entry of judgment *or* (2) the order overruling a motion for new trial.

Since Park had a right to file a motion for new trial and did so promptly, the time for filing the transcript began to run upon the overruling of his motion. The Court of Civil Appeals therefore erred in holding to the contrary.

Trial in this case was to a jury. However, the district judge withdrew the case from the jury and rendered judgment against petitioner Jack G. Park on July 19, 1957. Under Rule 324, Park could have appealed without filing a motion for new trial.

However, he elected to file such a motion and did so (on the same day that judgment was entered) within the ten-day period prescribed by paragraph 1 of Rule 329-b. The appeal bond was timely filed on July 30. Rules 306-c and 356.

Park tendered a transcript for filing in the Court of Civil Appeals on September 27. That Court, however, rejected it as untimely because it was not filed within 60 days from July 19, the date of rendition of judgment. Such tender was, however, made within the sixty-day period following the date of the order overruling the motion for new trial.

In order to sustain the action of the Court of Civil Appeals it would be necessary to read into Rule 386 a distinction between a motion for new trial which is a prerequisite to an appeal and one which is not. It has not been and is not now the policy of the law to discourage the filing of a motion for new trial, even when it is not essential to an appeal. In *Carver v. Greer*, 107 Texas 356, 179 S.W. 862, 865, such action was described as an "optional and commendable practice." The careful consideration of a motion for new trial may make an appeal unnecessary. This is the essential objective sought to be gained by the motion for new trial practice, and it may be achieved

by a "non-prerequisite" motion as well as by a "prerequisite" one.

If a litigant has a right to file a motion for new trial and does so, it would cause considerable confusion if his time for appeal began upon the rendition of judgment rather than upon the overruling of his motion. He would, at the same time, be urging his motion in the trial court and appealing. He would have to request the preparation of the statement of facts and the transcript with its attendant expense without knowing whether they would be necessary or not. He would have to attend to and bear the expense of court costs and the appeal bond without knowing whether his motion would be granted or not. Other problems would be raised if the motion, timely filed, should present pertinent newly-discovered evidence.

Rule 329-b provides that: "A motion for new trial when required shall be filed within ten (10) days after judgment or other order complained of is rendered." This language is taken from Article 2092, Vernon's Texas Civil Statutes, now superseded by the Rules of Civil Procedure. In *Neeley v. Tarrant County*, 132 Texas 357, 124 S.W. 2d 101, 103, it was directly held that the provisions of the Special Practice Act (Article 2092) applied to "non-prerequisite" motions for new trial.

"As above shown, the motions for new trial were filed within ten days after the judgment was rendered, were presented to the court within thirty days after they were filed and were overruled by the court within forty-five days after they were filed. The appeal bond was filed within thirty days after the motions for new trial were overruled, but not within thirty days after the judgment was rendered. Thus it appears that the appeal was perfected in due time unless the motions for new trial and the court's action in overruling them are to be disregarded.

"Appellee contends that the motions for new trial were nullities because they brought nothing to the attention of the trial court and were wholly insufficient to point out any error committed on the trial, and that even though they were considered and overruled by the court, they could not serve to extend the time for filing an appeal bond beyond thirty days from the time of the rendition of the judgment. This contention we cannot sustain. The motions were, because of their generality, insufficient to serve as assignments of error. They were, nevertheless, motions for new trial. They were so designated. They asked the court to set aside the judgment rendered and to grant a new

trial, because the verdict (obviously meaning the trial court's conclusion as to the facts, the case having been tried without a jury) was contrary to the undisputed evidence and because the judgment was contrary to the law. The motions were entertained by the court as motions for new trial and as such were overruled. There was on the part of the appellants literal compliance with the provisions of the statute. They filed motions for new trial, presented them to the court and obtained determination of them by the court, all within the required time; and they filed their appeal bond within thirty days after the motions for new trial were overruled."

It is true that in the Neeley case the Court cited *Dittman v. Model Baking Co.*, Texas Com. App., 271 S.W. 75, as authority for its holding. While that case supported the holding of the Neeley case under the statute, its precedental effect was altered by the adoption of Rule 5, Texas Rules of Civil Procedure, which prohibits a trial judge from enlarging "the period for taking action under the rules relating to new trials or motions for rehearing except as stated in the rules relating thereto or the period for taking an appeal or writ of error from the trial court to any higher court or the period for application for writ of error in the Supreme Court, except as stated in the rules relating thereto; * * *."

We are not here concerned with a tardily filed motion but with one filed in accordance with the rules relating to motions for new trial. Our holding in this case presupposes that the motion is filed, presented, and disposed of within the times prescribed in Rule 329-b, for it has been held that in view of the restrictions placed upon the trial judge's authority by Rule 5, he cannot extend the time for filing the record in the appellate court by considering and acting upon a tardy motion for new trial. *A. F. Jones & Sons v. Republic Supply Co.*, 151 Texas 90, 246 S.W. 2d 853.

The rule stated in the excerpt from the Neeley case above quoted has never been departed from or overruled.[2] It still applies to motions, whether they be "prerequisites" or "non-prerequisite" to an appeal, which are timely filed, presented and disposed of in accordance with the Rules of Civil Procedure relating to motions for new trial. Rule 329-b.

---

2.—The Court of Civil Appeals refers to a withdrawn opinion of this Court in *City of Corpus Christi v. Gregg*. The final opinion upon which the judgment was based is reported in 289 S.W. 2d 746. The withdrawn opinion is without force as a precedent.

The judgment of the Court of Civil Appeals affirming the judgment of the trial court upon certificate is reversed and the cause remanded to the Court of Civil Appeals for a consideration of the appeal upon its merits.

Opinion delivered March 12, 1958.