**DALE TRUCK LINE, INC., Appellant,**

v.

**R. & M. WELL SERVICING & DRILLING CO., Appellee.**

No. 3641.

Court of Civil Appeals of Texas.

Waco.

May 7, 1959.

Rehearing Denied May 28, 1959.

Second Rehearing Denied July 7, 1959.

See also 286 S.W.2d 446.

Vinson, Elkins, Weems & Searls, Judson R. Wood, B. Jeff Crane, Jr., Houston, for appellant.

Wm. N. Bonner, Houston, for appellee R. & M. Well Servicing & Drilling Co.

Bryan & Patton, Houston, for intervenor.

WILSON, Justice.

Appellee sued for loss of a drilling rig engine. Its insurer intervened claiming subrogation rights under another judgment. The only issues submitted and the jury's answers were:

"Special Issue No. 1: Do you find from a preponderance of the evidence that plaintiff's LROU Waukesha engine did not have a market value in Harris County, Texas on or about July 29, 1954?" The jury answered, "It did have a market value."

"Special Issue No. 2: What do you find from a preponderance of the evidence to have been the market value of plaintiff's LROU Waukesha engine on or about July 29, 1954 in Harris County, Texas prior to the accident made the basis for this suit?" Answer: "$8000."

"Special Issue No. 3: What do you find from a preponderance of the evidence to be the actual, intrinsic value of plaintiff's LROU Waukesha engine on or about July 29, 1954, prior to the accident?" Answer: "$11,000."

Appellee and intervenor filed motions for judgment on the verdict and for judgment non obstante veredicto, asserting there was no evidence of probative force as to existence of a market or to sustain the finding of market value, and requesting rendition of judgment based on the answer to Special Issue No. 3. The court concluded that the

answers to issues 1 and 2 "were without force and could not control," set them aside, and rendered judgment based on the answer to issue No. 3.

Appellant challenges this action on the ground that there was legally sufficient evidence to support the findings as to market value.

■ Appellee pleaded the property had no market value in Harris County and that its actual or intrinsic value was the measure of damage, thereby assuming the burden of negativing existence of market value as a prerequisite to judgment based on some other standard. Alternatively, it pleaded market value.

■ To justify the trial court's action in setting aside the answers as to market value it must be determined that there is no evidence of probative force supporting them. Burt v. Lochausen, 151 Tex. 289, 249 S.W. 2d 194, 199; Gulf C. & S. F. Ry. Co. v. Deen, Tex., 312 S.W.2d 933. We are unable to so view this record.

An officer of appellee corporation testified that engines of the type in question were "bought and sold here in the oil field country", both new and used; that other makes of engines of the general class could be bought and sold in the vicinity; he had bought others like it; that its value before the collision was $15,000.

A witness in the rig service business, testified he had bought and sold this type engine; that "quite a few here" buy and sell such engines, new and used; that dealers and supply stores take in such engines on trade and sell them and that is where he would go to buy them.

Another witness in the business of sales and service of oil-field engines, testified engines of the type in question were bought and sold in the area, both new and used; that there was both demand and supply for such in Houston; that his company had dealt in buying and selling such used engines; that "the market value of such an en-

gine is usually limited to about 60% of the price of a new one after it is rebuilt * * * the market I was speaking of was a used market"; that the value of such an engine without overhaul would be about $8,000 to $9,000; that his company had "bought, sold or exchanged conservatively between 15 and 18 LRO Waukesha engines"; that he was familiar with the price for which these engines could be bought and sold in the area; "at today's prices an engine like that would be offered at from $7,000 to $8,500"; that "fifteen to twenty percent would cover the difference" in the last four years; that his company had one of those engines in stock, but attempted to keep two of that particular type in stock for rebuilding or exchanging.

■ This evidence, in our opinion, clearly supported the jury's answers to issues 1 and 2, which should be given effect. International-Great Northern R. Co. v. Casey, Tex.Com.App., 46 S.W.2d 669, 670; Allis-Chalmers Mfg. Co. v. Board, Tex.Civ.App., 118 S.W.2d 996, 998; Rosenfield v. White, Tex.Civ.App., 267 S.W.2d 596, writ ref. n. r. e.; M–K–T Ry. Co. v. Jaffee Cotton Prod. Mfg. Co., Tex.Civ.App., 193 S.W.2d 986, 990, writ ref.

■ Appellee and intervenor point to evidence which is contradictory and which called on the jury to pass on the weight of that supporting its findings. This evidence simply made the question issuable, and we are required to disregard it. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

■ Appellee contends the decision on appeal from a prior trial of this case, Tex. Civ.App., 286 S.W.2d 446, 450, writ ref. n. r. e., with reference to legal sufficiency of the evidence is conclusive as the law of the case. The court there said, "we have reviewed the evidence and doubt there is any evidence which would have supported a finding that there was a market value for the engine involved." The previous trial was a non-jury case in which the trial court found as a fact there was no market value

under evidence then adduced. The appellate court simply refused to disturb this finding, holding there was sufficient evidence supporting it. The question as to probative force of evidence to the contrary was not before the court. In addition, effort to contradict the witnesses in the instant case by prior inconsistent testimony in the previous suit, as presented in this record, conclusively shows the evidence in the two cases varies substantially.

Appellant's point is sustained.

■ Appellee has not assigned error by cross-points as provided in Rule 324 Texas Rules of Civil Procedure. It is stipulated that the salvage on the engine was sold for $3,000. Appellee tendered $3,030.38, representing transportation charges owed to appellant, to be credited on the judgment rendered.

Appellee and intervenor stipulated that the U. S. District Court in a previous action between them as insured and insurer found the value of the engine in question to be $8,500, allowed a credit of $3,000 for its salvage sale value and rendered judgment for appellee against intervenor for $5,500 with interest; that this judgment had become final but no execution had issued. They further stipulated that intervenor, in accordance with the terms of its insurance policy, was entitled to be subrogated to any rights of appellee against appellant and "is entitled to have and recover out of any judgment secured by plaintiff against Dale Truck Line, Inc., the sum of $5,500 plus interest."

Under our disposition, appellee would be entitled to recover of appellant the sum of $8,000 less the stipulated off-sets and credits of $6,030.38, with interest on $5,000 from July 30, 1954. Intervenor is subrogated to its rights.

Intervenor's right of recovery, however, may not properly be reduced by appellee's tender of the $3,030.38 representing transportation charges in a collateral accounting. To do this would be to give effect to a partial release by the insured to appellant which could not affect intervenor's rights. 24–B Tex.Jur., Sec. 398, p. 802.

Accordingly, the judgment of the trial court is set aside except as to costs, and judgment is here rendered that intervenor recover of appellant the sum of $5,000, with interest from July 30, 1954, and costs on appeal are taxed equally against appellee and intervenor.

## On Motion for Rehearing

Appellant asserts that under our judgment it will not be able to obtain relief against appellee for the $3,030.38 representing freight charges for transporting the property in question. Appellee pleaded:

"The defendant's, Dale Truck Line, Inc.'s, bill for hauling said rig for plaintiff at the time was in a large sum, all of which has been paid by plaintiff to defendant except the sum of $3030.38 and the plaintiff here now agrees that said sum of $3030.38 is a proper credit to be entered on any judgment awarded plaintiff herein."

Based on this admission, the judgment is modified to the extent that judgment is here rendered for appellant against appellee, R. & M. Well Servicing & Drilling Company, for $3,030.38 with interest from this date. Motions for rehearing are overruled.