**E. J. FILIPP, Appellant,**

v.

**Cruz Robles OCHOA, Appellee.**

**No. 3802.**

Court of Civil Appeals of Texas.

Waco.

Nov. 23, 1960.

Red, Kemp & Fahey, Kenneth A. Paul and James Wyckoff, Houston, for appellant.

Bob S. Owen, Alvin, for appellee.

WILSON, Justice.

Appeal from judgment of dismissal. Appellant sought recovery for property damage to his automobile. He alleged his insurer, St. Paul Fire & Marine Insurance Company, had paid him the amount of his damages except $50 deductible under a policy of collision insurance; that the insurer thereby became subrogated to this extent, and under the terms of the policy was entitled to assert its cause of action in his name; that the damages were proximately caused by defendant's negligence.

Appellee filed an unverified plea alleging that on a date nearly one month after the suit was filed, plaintiff executed a release discharging defendant from all liability for property damage. Appellant then pleaded that appellee had full notice of the subrogation interest of the insurer before he executed the release. Appellee's allegations of the terms of the release were embodied in an unverified pleading termed a "motion to dismiss." The court granted the motion and dismissed the action by virtue of the pleaded release.

The court was not authorized to summarily dispose of the action on a plea in bar.

 This was not a summary judgment proceeding under Rule 166–A, Texas Rules of Procedure. If it could be considered such, plaintiff's pleadings would have precluded summary judgment. A release by appellant given to appellee with notice of the subrogation rights does not affect or prejudice the rights of the insurer. Wichita City Lines v. Puckett, 156 Tex. 456, 295 S.W.2d 894, 900; Dale Truck Line, Inc. v. R. & M. Well Serv. & Drill. Co., Tex.Civ.App., 325 S.W.2d 848, 851, writ ref. n. r. e.; Ft. Worth & Denver Ry. Co. v. Ferguson, Tex.Civ.App., 261 S.W.2d 874, 879, writ ref.; 29–A Am. Jur., Sec. 1733, p. 810.

Reversed and remanded.