Gloria Dawn **OWENS**, Appellant,

v.

Kenneth Harry **OWENS**, Appellee.

No. 4892.

Court of Civil Appeals of Texas, Eastland.

Aug. 19, 1976.

G. A. Day, Day & Nabers, Brownwood, for appellant.

Pat Hall, Marschall, Hall, McLaughlin & Lane, San Angelo, for appellee.

## ON MOTION FOR REHEARING

WALTER, Justice.

On June 10, 1976, we reversed and remanded this case.

Gloria Dawn Owens filed suit against Kenneth Harry Owens in Brown County seeking a divorce and a division of their property. She also sought to be appointed managing conservator of their only child and asked for a temporary restraining order. The court granted a temporary restraining order without notice to the defendant, among other things, prohibiting him from interfering with plaintiff's possession of the child and selling their property. Following a hearing the court appointed plaintiff temporary managing conservator and defendant temporary possessory conservator of the child and continued the restraining order.

Defendant filed a general denial and a cross action asserting on the 16th day of April 1975, a decree of dissolution of their marriage was rendered in the County of Navajo in the State of Arizona awarding him custody of their child. He asked that this suit be abated on the grounds of res judicata. The court granted defendant's plea in abatement and dismissed the case. The plaintiff has appealed.

The court erred in sustaining defendant's plea in abatement and dismissing the case.

In *Texas Highway Department v. Jarrell*, 418 S.W.2d 486 (Tex.1967), the court said:

"We observe that a plea of res judicata is not a plea in abatement or a plea to the jurisdiction, but is a plea in bar. 34 Tex. Jur.2d, Judgments § 450. The three pleas have different objectives, and different consequences flow from their sustention. As applied to a pending claim for relief or cause of action, a plea to the jurisdiction, if sustained, would require a dismissal; a plea in abatement, if sustained, would require an abatement of the claim or cause of action until some obstacle to its further prosecution was removed, *Life Ass'n of America v. Goode*, 71 Tex. 90, 8 S.W. 639, at 640; and a plea in bar, if sustained, would require a judgment that the claimant take nothing. *Kelley v. Bluff Creek Oil Co.*, 158 Tex. 180, 309 S.W.2d 208, at 214."

In *Filipp v. Ochoa*, 340 S.W.2d 847 (Tex. Civ.App.—Waco 1960, no writ), the court said:

"Appellee filed an unverified plea alleging that on a date nearly one month after the suit was filed, plaintiff executed a release discharging defendant from all liability for property damage. Appellant then pleaded that appellee had full notice of the subrogation interest of the insurer before he executed the release. Appellee's allegations of the terms of the release were embodied in an unverified pleading termed a 'motion to dismiss.' The court granted the motion and dismissed the action by virtue of the pleaded release.

The court was not authorized to summarily dispose of the action on a plea in bar."

Defendant's plea of res judicata is an affirmative defense under Rule 94, T.R. C.P. Such defense is properly presented in a conventional trial on the merits or in a summary judgment proceeding.

Appellee contends in his motion for rehearing we erred in reversing and remanding on a point not properly presented by appellant in her assignments of error in her motion for a new trial. In this non-jury trial, it was not necessary for appellant to file a motion for a new trial as a prerequisite to appeal. She is not limited to the

assignments of error listed in her motion for a new trial because such a motion is not required in a non-jury case.

In *Park v. ESSA Texas Corporation*, 158 Tex. 269, 311 S.W.2d 228 (1958), the court said:

"In a nonjury case, as this case is treated, a motion for new trial is not a prerequisite to appeal. Rule 324. But the filing of a motion is not prohibited, and various rules including Rule 324, infra, recognize that one may be filed."

In *Leonard v. Leonard*, 512 S.W.2d 771 (Tex.Civ.App.—Corpus Christi 1974, writ dismissed), the court said:

"A motion for new trial is not required in a non-jury case as a prerequisite to appeal. *Boswell v. Handley*, 397 S.W.2d 213 (Tex.Sup.1965). Nor will the filing of a motion for new trial in a non-jury case limit an appellant to the assignments made in the motion for new trial. *Boswell v. Handley*, supra. The appellant's motion for new trial does not assert either no evidence or a lack of full and satisfactory evidence as being a meritorious grounds of defense. However, since the filing of a motion for new trial in a non-jury case does not limit an appellant's points of error to the assignments made in the motion for new trial, we hold that the appellant may assert her no evidence and lack of full and satisfactory evidence defenses for the first time in this appeal."

■ Appellee also contends we erred in reversing and remanding on a point of error not asserted, briefed or argued in appellant's brief. We agree. Appellant contends: "The Appellee's have carefully avoided the well established rule that an Appellate Court can consider error if it is considered to be fundamental error, even without the Court's attention being called to the error." We have carefully considered the authorities cited by appellant on fundamental error and hold sustaining appellee's plea in abatement and dismissing the case does not constitute fundamental error.

In *Goode v. Wood*, 509 S.W.2d 435 (Tex. Civ.App.—Corpus Christi 1974, writ ref. n. r. e.), the court said:

"Plaintiff's position in this matter constitutes unassigned error. 'The right of an appellate court to reverse a trial court judgment on unassigned error is limited to situations in which the error can properly be classified as "fundamental error"'. *Newman v. King*, 433 S.W.2d 420 (Tex.Sup.1968). Generally speaking, fundamental error is either error which directly or adversely affects the interest of the public generally, *Ramsey v. Dunlop*, 146 Tex. 196, 205 S.W.2d 979 (1947), or error in assuming jurisdiction where none exists, *McCauley v. Consolidated Underwriters*, 157 Tex. 475, 304 S.W.2d 265 (1957). Errors occurring in the trial process and errors which a trial judge may make in deciding issues or making conclusions of law during the course of a trial have been consistently held not to be fundamental. *State v. Sunland Supply Co.*, 404 S.W.2d 316 (Tex. Sup.1966); *Kimbrough v. Walling*, 371 S.W.2d 691 (Tex.Sup.1963). The complaint made by plaintiff did not affect the interest of the public generally. Neither did it deprive the trial court of jurisdiction, once obtained, to proceed to judgment. Therefore, since fundamental error is not presented and as plaintiff did not attack the trial court's conclusion by a point of error, his right to complain on the ground evidenced by the argument was waived. *City of Deer Park v. State*, 154 Tex. 174, 275 S.W.2d 77 (1955); *Dorbandt v. Jones*, 492 S.W.2d 601 (Tex.Civ. App.—Austin 1973, writ ref. n. r. e.)."

We are compelled to sustain appellee's contention appellant does not have a proper point of error on the court's actions in sustaining the plea in abatement and dismissing the case. *Wagner v. Foster*, 161 Tex. 333, 341 S.W.2d 887 (1960), and *Isenhower v. Bell*, 365 S.W.2d 355 (Tex.1963). Rule 418, T.R.C.P.

Our opinion and judgment dated June 10, 1976, is withdrawn and this opinion is rendered in lieu thereof.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.