# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00239-CV

**In re Charles Norris**

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## C O N C U R R I N G   O P I N I O N

I join Justice Pemberton's opinion. I write separately to address an issue that I believe warrants legislative attention.

In a suit affecting the parent-child relationship, section 109.001(a) of the Family Code grants the trial court authority to make "any order necessary to preserve and protect the safety and welfare of the child" during the pendency of an appeal, but the order must be made "[n]ot later than the 30th day after the date an appeal is perfected." Under Rule 25.1 of the current Texas Rules of Appellate Procedure (TRAP), "[a]n appeal is perfected when a written notice of appeal is filed with the trial court clerk." In the present case, the trial court's order awarding appellate attorney's fees was made more than 30 days after the notice of appeal was filed. Norris argues, however, that the notice of appeal was "prematurely filed." TRAP Rule 27.1 provides that a "prematurely filed notice of appeal is . . . deemed filed on the day of, but after, the event that begins the period for perfecting the appeal." Under TRAP Rule 26.1, the signing of the judgment is the event that begins the period for perfecting the appeal. Thus, as Justice Pemberton's opinion explains, a notice of appeal is "premature" under the current rules only if it is filed before the judgment is signed. Here, the notice of appeal was filed after the judgment was signed. Therefore, Rule 27.1 has no

application.  Accordingly, under the current procedural rules, there is no way to avoid the conclusion that the trial court in the present case lacked authority to make the order for appellate attorney's fees.

But I believe that is not what the 69th Legislature envisioned in 1985 when it enacted the language that is now contained in section 109.001(a) of the Family Code.  *See* Act of May 2, 1985, 69th Leg., R.S., ch. 615, § 3, 1985 Tex. Gen. Laws 559, 560.  The Rules of Appellate Procedure were not promulgated as a separate set of rules until 1986, the year *after* the language now in section 109.001(a) was enacted.  When the Legislature chose the section 109.001(a) language in 1985, the operative procedural rule for determining when an appeal was "perfected" was Rule 306c of the Texas Rules of Civil Procedure.  At that time, Rule 306c provided that appeal bonds, notices of appeal, and other appeal-perfecting instruments "shall be deemed to have been filed on the date of but subsequent to the date of signing of the judgment *or the date of the overruling of motion for new trial*, if such a motion is filed."[1]  (Emphasis added.)  The Texas Supreme Court had previously construed Rule 306c to apply to any timely notice of appeal, regardless of whether it predated the judgment:

> The contention that the notice of appeal given in the judgment cannot be used when a motion for new trial is filed really amounts to an assertion that the notice was prematurely given. . . . The answer to this is found in Rule 306c. . . .
> A motion for new trial was filed in this case.  Under rule 306c, the giving of the notice in the judgment was not premature; and that rule says that the notice shall be deemed to have been given after the overruling of a motion for new trial.

---

[1]  When the Rules of Appellate Procedure were promulgated in 1986, the quoted portion of Rule 306c was moved essentially verbatim to TRAP Rule 41(c).  In 1990 Rule 41(c) was amended to replace "date of signing" with "time of signing" and to replace "date of the overruling" with "time of the overruling," but the rule was otherwise left unchanged.  It was not until 1997, with the promulgation of the "new" Rules of Appellate Procedure, that the rule addressing prematurely filed documents was moved to TRAP Rule 27.1(a) and the current language was adopted.

*Puckett v. Frizzell*, 402 S.W.2d 148, 153 (Tex. 1966); *see also Bolton's Estate v. Coats*, 608 S.W.2d 722, 726 (Tex. Civ. App.—Tyler 1980, writ ref'd n.r.e.) ("Since a motion for reinstatement is in legal effect the equivalent of a motion for new trial, under rule 306c, an appeal bond or its equivalent is deemed to have been filed after overruling of the motion and is not to be considered premature.").

Thus, at the time the section 109.001(a) language was enacted in 1985, the procedural backdrop was that for cases in which a motion for new trial was filed, a notice of appeal or appeal bond was not deemed to have been "filed" until the day of, but after, the motion for new trial was overruled. Accordingly, the appeal was not "perfected" until that date. *See City of Corpus Christi v. Gregg*, 289 S.W.2d 746, 749 (Tex. 1956) (holding that where motion for new trial is filed, Rule 306c mandates that "the appeal is perfected at the time of the order overruling the motion for new trial, instead of when [the notice of appeal was] first given at the rendition of the judgment."). The only logical conclusion is that when the 69th Legislature enacted the section 109.001(a) language to authorize trial courts to render orders "necessary to preserve and protect the safety and welfare of the child" "within 30 days after the date an appeal is perfected," it intended that a trial court's power to render such orders should extend for 30 days ***beyond*** the date a motion for new trial was overruled, if one was filed.

This conclusion is consistent with the original purpose of the predecessor to section 109.001(a). Once an appeal is perfected, a trial court loses jurisdiction to take any action in a case except what is expressly authorized by rule or statute. *Ammex Warehouse Co. v. Archer*, 381 S.W.2d 478, 482 (Tex. 1964). Thus, without a specific provision like section 109.001(a), the filing of a notice of appeal (or, in 1985, an appeal bond) would immediately cut off the trial court's authority to make various types of orders, such as providing for the payment of appellate attorney's

3

fees, that the court might conclude are necessary for the safety and welfare of a child during the pendency of the appeal. The Legislature in 1985 expressly recognized this problem and enacted the language now in section 109.001(a) in an effort to solve it:

> [P]resent law withdraws power to enforce orders and to take testimony from the trial court when an appeal has been filed. This leads to risk exposure to the parties and to their property in the event the appellate court fails to act to preserve the status quo. Appellate courts are ill-equipped to take testimony and to issue detailed orders preserving or protecting person and property.

Senate Jurisprudence Comm., Bill Analysis, Tex. S.B. 638, 69th Leg., R.S. (1985).

> The Family Code . . . does not deal with temporary orders after a decree is entered and an appeal is pending. Under present law, temporary orders during the pending of an appeal in a divorce or child custody suit can only be obtained through a procedure involving both the appeals court and the district court.

House Judiciary Comm., Bill Analysis, Tex. S.B. 638, 69th Leg., R.S. (1985).

As Justice Pemberton's opinion correctly notes, Texas courts presume that the Legislature was aware of the background law and acted with reference to it. With respect to the intended operation of section 109.001(a), in 1985 the background law included Rule 306c and its provision that an appeal-perfecting instrument would not be deemed to have been filed—and thus an appeal not "perfected"—until the motion for new trial, if filed, was overruled.

Under the current procedure, however, surely not anticipated in 1985, an appeal can be "perfected" long before a motion for new trial is overruled or, indeed, before such a motion is even filed. *See* Tex. R. Civ. P. 329b(a) (requiring motion for new trial to be filed within 30 days after judgment is signed). Having the 30-day deadline in section 109.001(a) run from the date the notice of appeal is actually submitted and filed, instead of the date a motion for new trial is

overruled, creates at least two practical dilemmas. First, when a motion for new trial is filed, the parties—and even the attorneys—tend not to think of the appeal as "pending" until the motion for new trial is overruled, even if a notice of appeal has already been filed. As a result, the parties and attorneys may not feel any urgency in obtaining temporary orders, since the judgment may be modified or set aside in response to the motion for new trial. This trap may lull the party desiring temporary relief during an appeal into overlooking the need to obtain such relief so early in the process and could result in that party's losing the ability to obtain relief altogether. That scenario seems to have played out in the present case.

Second, when a notice of appeal is filed early in the process, the current procedure requires the party desiring temporary relief under section 109.001(a) to seek such relief while the motion for new trial, if one is filed, is likely still pending. This forces the party seeking temporary relief to file a motion that effectively says to the trial court, "I know you haven't ruled on my motion for new trial yet, and I still want you to grant it, but in case you do not grant it or modify the judgment in some way, I need you to hold a hearing, take evidence, make a ruling, sign an order, and put this temporary relief in place now, recognizing that such temporary relief may become moot or inappropriate if you do grant my motion for new trial or modify the judgment in some way." Such a process is wasteful, to say the least. *Cf. Park v. Essa Tex. Corp.*, 311 S.W.2d 228, 230 (Tex. 1958) ("If a litigant has a right to file a motion for new trial and does so, it would cause considerable confusion if his time for appeal began upon the rendition of judgment rather than upon the overruling of his motion. He would, at the same time, be urging his motion in the trial court and appealing. He would have to request the preparation of the statement of facts and the transcript with its attendant expense without knowing whether they would be necessary or not. He would have to attend to and

bear the expense of court costs and the appeal bond without knowing whether his motion would be granted or not."). It would be far better to allow the trial court to rule on the motion for new trial first, and then, if necessary, later take up the issue of whether to grant an order to "preserve and protect the safety and welfare of the child" during the pendency of the appeal. And that appears to be exactly what the 69th Legislature had in mind in 1985 when it enacted the provision that is now section 109.001(a). It is only through the Texas Supreme Court's subsequent rule change, which simply altered the date when an appeal is deemed "perfected," that the Legislature's original intent has been inadvertently frustrated. I would encourage the Legislature to adjust the language of section 109.001(a) to reinstate what I believe was the clear intent of the 69th Legislature in 1985.[2]

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed: June 7, 2012

---

[2] The same 1985 bill that amended what is now section 109.001(a) also amended what is now section 6.709(a) of the Family Code to add virtually the identical language, except that the amendment authorized the trial court to make any order necessary for the "preservation of the property and for the protection of the parties" during the pendency of the appeal. *See* Act of May 2, 1985, 69th Leg., R.S., ch. 615, § 1, 1985 Tex. Gen. Laws 559, 560. The subsequent rule change by the supreme court has created the same procedural dilemma as to that statute and also warrants legislative attention.