ACCEPTED
04-14-00354-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
1/21/2015 12:53:43 AM
KEITH HOTTLE
CLERK

**NO. 04-14-00354-CV**

The Court of Appeals

For The Fourth District of Texas

At San Antonio

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
01/21/2015 12:53:43 AM
KEITH E. HOTTLE
Clerk

Luz Chavez, Individually, and as Representative of the Estates of
Rudolph Chavez, Sr. (Deceased) and Rudolph Chavez, Jr. (Deceased),
And, as Next Friend of Joel Chavez, a Minor; Darlene Chavez;
Allen Chavez; Francisco Chavez and Celia Chavez,

APPELLANTS,

V.

Kansas City Southern Railway Company and Jose Juarez,

APPELLEES.

Appeal from the 406th Judicial District Court, Webb County, Texas

Honorable Oscar J. Hale, Jr., Judge Presiding

## APPELLANTS' REPLY BRIEF

**Mark Alvarado**
State Bar No. 01126520
Law Office of Mark Alvarado
9600 Escarpment Blvd., Suite 745
Austin, Texas 78749
Telephone: (512) 287-9469
Facsimile: 512-582-8651
**ATTORNEY FOR APPELLANTS**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ...……………………………………………….......................i

INDEX OF AUTHORITIES ...…………………………………………….....................ii

I.   ISSUES PRESENTED BY  APPELLEES …………………………………….1

ISSUE 1**:** Did the trial court commit error in approving the settlement in

favor of Joel Chavez, minor Plaintiff …………………………………….2

ISSUE 2: Did the trial court commit error in granting summary judgment

enforcing a settlement of claims of the adult Plaintiffs.................................1

II.   STATEMENT OF FACTS…………………………………………………..1

III.   SUMMARY OF ARGUMENT………………………………………………...1

IV.   ARGUMENT & AUTHORITIES

A. Argument and Authorities Regarding Issue One……………………………2

B. Argument and Authorities Regarding Issue Two……………………………5

V.    PRAYER………………………………………………………………..9

# INDEX OF AUTHORITIES

**CASES**

*Cruse v. O'Quinn*, 273 S.W.3d 766 (Tex. App.- Houston 2008)…………………………………8

*Dardas v. Fleming, Hovenkamp & Grayson, P.C,.* 194 S.W.3d 603, 613

      (Tex. App.-Houston [14th Dist.]…………………………………………………………..8

*DiFrancesco v. Houston Gen. Ins. Co.*, 858 S.W.2d 595, 598

      (Tex. App.- Texarkana 1993, no writ)…………………………………………………….9

*In re Kasschau*, 11 S.W.3d 305, 312 (Tex. App.-Houston [14th Dist.]

      1999, orig proceeding)……………………………………………………………………9

*In re Parker*, 20 S.W.3d 812, 816 (Tex.App.—Texarkana 2000, no pet.)………………………..6

*Lewis v. Davis,* 145 Tex. 468, 199 S.W.2d 146, 148-49 (1947)

*MAROY INTERNATIONAL, INC. v. Cantu*, No. 04-12-00193-CV

      (Tex. App. Mar. 20, 2013)………………………………………………………………10

*Miller v. Long-Bell Lumber Co.,* 148 Tex. 160, 222 S.W.2d

      244, 246 (Tex. 1949)……………………………………………………........................8

*Park v. Essa Tex. Corp.*, 311 S.W.2d 228, 229 (Tex. 1958)……………………………………6

*Patterson v. City of Bellmead*, No. 1-12-00357-CV, Court of

      Appeals—Waco, 2013……………………………………………………………………9

**RULES**

TEX. R. APP. 33.1 (d)……………………………………………………........................5

TEX. R. APP. 33.1 (a)……………………………………………………........................5

TEX. R. APP. 38.1 (B)……………………………………………………………………1

Tex. R. Civ. P. 324 (a)……………………………………………………........................6

TEX. R. EVID. Rule 201…………………………………………………………………4

TEX. R. EVID. Rule 173.3………………………………………………………………..3

Texas Rules of Disciplinary Conduct, Section 1.02 (a) (2)………………………………8

# I. ISSUES PRESENTED BY APPELLEES

ISSUE 1: Did the trial court commit error in approving the settlement in favor of Joel Chavez, minor Plaintiff?

ISSUE 2: Did the trial court commit error in granting summary judgment enforcing the settlement of claims of the adult Plaintiffs?

## II. STATEMENT OF FACTS

Pursuant to *Tex. R. App. P*. 38.2 (1) (B), Appellants are dissatisfied with Appellees' Statement of Facts, and refer this Court to Appellants' Brief for a proper rendition of the facts underlying this appeal. Among discrepancies in Appellees Brief, Appellees erroneously contend information received after the judgment was rendered, found in case notes written by Intervenors, constitute facts.

## III. SUMMARY OF ARGUMENT

Appellees contend that this is a Rule 11 case; however, because the case is presented as a result of a summary judgment rendered on a Defendants' counter-claim for breach of an alleged settlement contract, it is not a Rule 11 case. Appellees maintain that the trial court properly approved the settlement in favor of Joel Chavez, a minor, based on the testimony of a duly appointed guardian ad litem because the husband was verbally appointed to serve as co-guardian ad litem and

his name appears on the judgment. However, because the rules specifically require that a guardian ad litem must be appointed by written order, and the husband of the attorney who was properly appointed by written order to serve as guardian ad litem made the in-court recommendation in this case, not the appointed attorney, the judgment as to the minor, Joel Chavez, was entered in error. Appellees also contend that Appellants waived this issue by not raising it prior to appeal; however, the issue was raised at the February 6, 2024 hearing on the motion for summary judgment, and in the motion for new trial they filed, thereafter. *RR*: 1 (2014): 6, and Page 27; *C.R.* 2:382, 386, respectively.

## IV. ARGUMENT & AUTHORITIES

### A. Argument & Authorities Regarding Appellees Issue Number One

**Did the trial court commit error in approving the settlement in favor of Joel Chavez, the minor Plaintiff?**

Appellees contend that because Edward Maddox is referred to in an original and subsequent judgment, his appointment was proper. The trial court committed error, however, in approving the settlement because the trial court rendered the instant judgment before this Court on the recommendation of attorney Edward Maddox, on May 31, 2011, at a time when there was no written court order appointing him as a guardian ad litem. Rule 173.3(b), expressly requires the trial court to make appointments by written order, *not written judgment*. And, Mr.

2

Maddox's recommendation was made at a time when he was not under oath. *RR* 2:10-11.[1] The trial court signed only one order appointing a guardian ad litem in this case, and was attorney Adriana Benavidez Maddox. The Order was signed by the trial Judge on November 18, 2010. *C.R.* 2:156.

Also, Appellees dispute that the motion requesting that the Court appoint a guardian ad litem was filed by Rosenthal & Watson, P.C. *C.R.*1:43. The fact that Rosenthal & Watson, P.C. filed this motion is important because it is evidence that attorney Christopher Dean was working as their agent when he sent the letter which forms the basis of Appellees Alleged Rule 11 agreement, and the Judgment rendered in the instant appeal. In fact, the Motion for Appointment of Guardian Ad Litem was filed by Rosenthal & Watson, P.C., and signed by Christopher Dean. *See* Appendix "A."[2] Although the actual motion is not included in the appellate record, the Civil Case Docket Sheet, page 43, clearly indicates that on November 15, 2011, a "***Motion for the appointment of guardian ad litem attached with Fiat and Order/Rec'd and sent to court coordinator***." (emphasis

---

[1] After this matter was first considered by this Court and the case was Reversed and Remanded, Appellees filed a counter-claim and a Motion for Summary Judgment. At the hearing on the Motion for Summary Judgment on that counter-claim, no guardian ad litem appeared, and the Court stated that he was relying on the previous recommendation. Later that day, the parties received a Motion to Withdraw as Guardian Ad Litem signed by Adriana Benavidez Maddox, in which she notes that the cause for her withdrawal is that a significant portion of her law practice is now dedicated to working for Appellee, Kansas City Southern Railway Company. This motion was requested by Appellants, but not included by the Clerk of the Court. For this reason, Appellants requested that the Court take judicial notice of the records in the District Clerk's file, in accordance with Texas Rule of Evidence 201.

[2] As Appellants have already requested that the Court take judicial notice of the District Clerk's file, this filed motion would be included in that request.

3

added).  It is evident that the Order, which was made a part of the record in Appellees Motion for Summary Judgment, *C.R.* 2: 159-160, is typed in Times Roman font, as are all of Rosenthal & Watson, P.C.'s pleadings.  See, for example, Plaintiffs Second Amended Original Petition, *C.R.* 1: 72.  On the other hand, all of the pleadings filed by counsel for Appellees that are part of the appellate record are typed in a different font, and identification of the case is made numerically, only, not as indicated on the lower left hand of the Order Appointing Guardian Ad Litem.  Thus, Appellees insistence that the motion was filed by Appellees, apparently in an effort to promote the theory that the letter he wrote and signed, which contains no material terms besides who gets what amount of money.

Furthermore, additional proof that Christopher Dean was working as an agent for Rosenthal & Watson, P.C. is the fact that Lynn Watson made several appearances on the record at hearing in this case, in the Summer of 2010, (May 31, 2010, *R. R.* 2: 8, and June 23, 2011, *R.R.* 3:4, subsequent to the date of the October 5, 2010 date of the alleged settlement contract; Christopher Dean made none.

And, with respect to Appellees argument that Appellants waived this issue because it is raised for the first time on appeal, Appellants specifically raised the issue in their Motion for New Trial.  *C.R.* 2:381, 386.  Further, Appellants also contend that the properly appointed guardian ad litem failed to provide testimony supporting the judgment at the hearing on the subject motion for summary

judgment, held on February 2014. *RR* 1:28. Finally, with respect to whether the Appellants properly preserved error for appeal, a party does not need to file a motion for new trial to preserve most errors in a nonjury trial. Tex. R. Civ. P. 324 (a); *Park v. Essa Tex. Corp.*, 311 S.W.2d 228, 229 (Tex. 1958); <u>See</u> TEX. R. APP. 33.1 (a). There is no need to complain in a motion for new trial about factual insufficiency of the evidence. *See* TRCP 324 (b)(2), (4); *In re Parker*, 20 S.W.3d 812, 816 (Tex.App.—Texarkana 2000, no pet.). These issues can be raised for the first time in the appeal of a nonjury trial without a motion for new trial. *See* TEX. R. APP. 33.1 (d), relating to sufficiency of evidence complaints in nonjury cases.

### B. Argument & Authorities on Appellees' Issue Two

**ISSUE 2: Did the trial court commit error in granting summary judgment enforcing the settlement of claims of the adult Plaintiffs?**

Appellees contend that the trial court properly granted summary judgment enforcing the Rule 11 settlement agreement as to the other Plaintiffs. And, they contend that none of the Plaintiffs submitted summary judgment evidence creating a fact issue as to whether Christopher Dean, "their attorney" who signed the Rule 11 agreement, had authority to do so. For the first time, at the hearing on Defendants' Motion for Summary Judgment, Appellees raised the argument that Appellants denial of consent to settle mentioned only Rosenthal & Watson, P.C., the law firm that they hired to represent them, and not Christopher Dean. This

5

argument fails, however because Appellants filed undisputed sworn affidavits specifically referring to Christopher Dean's lack of authority in support of their:

1. Motion for Continuance dated May 31, 2011, *C.R. 1:103,* and

2. Motion for Reconsideration, dated June 2, 2011, *C.R.* 1:105 and

3. Motion for New Trial, filed July 25, 2011, *C.R.* 1:118, with Affidavit of Plaintiff Luz Chavez, *C.R.* 1:12.

In the Response to Motion for Summary Judgment, filed in the instant appeal, Appellants deny consenting to settle their claims, generally; and, this denial of authority would necessarily extend to the law firm's agent, Christopher Dean. Further Appellants made it clear, through undisputed sworn testimony, that they did not give Christopher Dean the authority to settle their claims in their Motion for New trial, filed on March 6, 2014, 1:391, 1:394, 1:395, and 1:397.

Appellees argue that the instant appeal carries a presumption of authority, any such alleged authority is expressly rebutted by the sworn statements listed above. Further, Appellees fail to address Appellants affirmative defense arguments and summary judgment proof. Appellants sworn statements have established the affirmative defense of coercion/duress by the Rosenthal & Watson, P.C. law firm, which the trial court ignored. In Appellants Motion for New Trial, filed on March 6, 2014, Appellants discussed, in Appendix E of the motion, newly

discovered evidence of a Memorandum from private investigator Poncho Gonzalez that verifies sworn statements in which Appellant Luz Chavez details a pattern of abuse, which establishes that the family had terminated the services of the law firm, prior to the date of the alleged agreement. The pattern of abuse thrust upon the family in an effort to gain settlement is a clear breach of fiduciary duty on the part of the law firm, in violation of Section 1.02 (a) (2) of the Texas Rules of Disciplinary Conduct, which requires, that a lawyer shall abide by a clients decisions whether to accept an offer of settlement of a matter. While the Disciplinary Rules of Professional Conduct do not give rise to a private cause of action, a court may deem these rules to be an expression of public policy, so that a contract violating them is unenforceable as against public policy. *See., e.g.*, *Cruse v. O'Quinn*, 273 S.W.3d 766 (Tex. App.- Houston 2008); *Dardas v. Fleming, Hovenkamp & Grayson, P.C.,* 194 S.W.3d 603, 613 (Tex. App.-Houston [14th Dist.] 2006, pet. denied). It has long been recognized that "`[a] contract to do a thing which cannot be performed without violation of the law' violates public policy and is void." *In re Kasschau,* 11 S.W.3d 305, 312 (Tex. App.-Houston [14th Dist.] 1999, orig. proceeding) (quoting *Lewis v. Davis,* 145 Tex. 468, 199 S.W.2d 146, 148-49 (1947)). The rationale behind this rule is not to protect or punish either party to the contract, but to benefit and protect the public. *Id.* Courts will not enforce agreements that are illegal and void. *See., e.g.*, *Miller v. Long-Bell*

7

*Lumber Co.*, 148 Tex. 160, 222 S.W.2d 244, 246 (Tex. 1949) (recognizing the general principal that "courts will not lend their aid in enforcing illegal contracts"); *DiFrancesco v. Houston Gen. Ins. Co.,* 858 S.W.2d 595, 598 (Tex. App.-Texarkana 1993, no writ) ("It is a familiar law of contracts that an illegal agreement is unenforceable.").

Appellees argue that Rule 11 cases apply to the instant appeal, and that in accordance with the mandate of this Court in the Court's Memorandum Opinion, delivered February 13, 2013, they have "cured" the deficiency which constrained the Court from ruling that the trial court's rendering an agreed judgment on the alleged settlement agreement was error. It must be remembered, however, that the first appeal reviewing the facts in this case concerned a determination of the trial court's rending an ***agreed judgment***, based on a Rule 11 agreement. The case now before the Court, however, is a case brought for review on an alleged breach of contract counter-claim, which was filed by Appellees. Like any other breach of contract claim, a claim for breach of a settlement agreement is subject to the established procedures of pleading and proof. *Patterson v. City of Bellmead,* No. 1-12-00357-CV, Court of Appeals—Waco, 2013. At issue this time around, then, are issues which must be framed within the context of the pleading and proof requirements of a basic breach of contract claim. *Id.* A settlement agreement is a contract, and its construction is governed by legal principles applicable to

contracts, generally. *MAROY INTERNATIONAL, INC. v. Cantu*, No. 04-12-00193-CV (Tex. App. Mar. 20, 2013).

## V.  PRAYER

WHEREFORE, Appellants Luz Chavez, Individually, and as Representative of the Estates of Rudolph Chavez, Sr. (Deceased) and Rudolph Chavez, Jr. (Deceased), And, as Next Friend of Joel Chavez, a Minor; Darlene Chavez; Allen Chavez; Francisco Chavez and Celia Chavez, pray that this court reverse the judgment of the trial court, and render the judgment that the trial court should have rendered as to the minor child, Joel Chavez, and reverse the judgment of the trial court, and dismiss the case as to the remaining adult Appellees.

<div style="margin-left:50%">

Respectfully submitted,

/s/ *Mark Alvarado*

By: _____

Mark Alvarado
State Bar No. 01126520
Law Office of Mark Alvarado
9600 Escarpment Blvd., Suite 745
Austin, Texas 78749
Telephone: (512) 287-9469
Facsimile: 512-582-8651
alvarado_mark@hotmail.com
**ATTORNEY FOR APPELLANTS**

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all parties through their respective attorneys of record, in accordance with the Texas Rules of Civil Procedure, via efile.texcourts.gov electronic mail, and/or facsimile, on this the 20th day of January, 2015, as follows:

Merritt Clements
Strasburger
2301 Broadway St.,
San Antonio, Texas 75215
Phone (210) 250-6005
Fax (210) 258-2717
merrit.clements@strasburger.com
*Attorneys for Defendants Kansas City Southern Railway and Jose Juarez*

Donato D. Ramos, Sr.
Law Offices of Donato D. Ramos
P. O. Box 452009
Laredo, Texas 78045-2009
Phone (956) 722-9909
Fax (956) 727-5884

Lynn Watson
Rosenthal & Watson, P.C.
6601 Vaught Ranch Road, Suite 200
Austin, Texas 78730-2309
lwatson@rosenthalwatson.com
*Attorney for Intervenor Rosenthal & Watson, PC*

Matthew Wagner
Bartlett & Schober, P.C.
1611 Nueces Street
Austin, Texas 78701
512-474-7678
512-597-3510 Fax
mwagner@bartlettschober.com
*Attorney for Mr. Ron Satija*
*Trustee for Estate of Rosenthal & Watson, PC*

/s/ *Mark Alvarado*
_____

**Mark Alvarado**

**Appendix A**

CAUSE NO. 2007-CVE000347D4

| | | |
|---|---|---|
| LUZ CHAVEZ, INDIVIDUALLY AND AS | § | IN THE DISTRICT COURT OF |
| REPRESENTATIVE OF THE ESTATES OF | § | |
| RUDOLPH CHAVEZ, SR. (DECEASED) | § | |
| and RUDOLPH CHAVEZ, JR. (DECEASED) | | |
| | § | |
| AND AS NEXT FRIEND OF JOEL CHAVEZ, | § | |
| A MINOR; DARLENE CHAVEZ; ALLEN | § | WEBB COUNTY, TEXAS |
| CHAVEZ; FRANCISCO CHAVEZ; and | § | |
| CELIA CHAVEZ | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| KANSAS CITY SOUTHERN RAILWAY | § | 406TH JUDICIAL DISTRICT |
| COMPANY and JOSE JUAREZ | § | |

## MOTION FOR THE APPOINTMENT OF A GUARDIAN AD LITEM

TO THE HONORABLE JUDGE OF 406TH DISTRICT COURT:

Plaintiffs, Luz Chavez, Individually and as Representative of the Estates of Rudolph Chavez, Sr. (deceased), and Rudolph Chavez, Jr. (deceased), and as next friend of Joel Chavez, a minor (11 years of age), Darlene Chavez, Allen Chavez, and Celia Chavez, hereby file this Motion for Appointment of Guardian Ad Litem and would respectfully show the court as follows:

### I.

Because Joel Chavez is a minor, and because Luz Chavez is the only living biological parent of Joel Chavez, it will be necessary to appoint a Guardian ad Litem to represent his interests herein.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, Luz Chavez, Individually and as Representative of the Estates of Rudolph Chavez, Sr. (deceased), and Rudolph Chavez, Jr. (deceased), and as next friend of Joel Chavez, a minor, Darlene Chavez, Allen Chavez, and Celia Chavez, pray that the Court appoint a Guardian Ad Litem to address Luz Chavez's minor child's

interests herein, and Plaintiffs pray for such other and further relief, both legal and equitable, general and special, to which they may be justly entitled.

Respectfully submitted,

ROSENTHAL & WATSON, P.C.

By: _Christopher Dean / with Permssn_ RKB

**Marc G. Rosenthal**
State Bar No. 17281450

**J. Lynn Watson**
State Bar No. 20761510

**Christopher Dean**
State Bar No. 00793596

**Mark Alvarado**
State Bar No. 01126520

6601 Vaught Ranch Road, Suite 200
Austin, Texas 78730
Telephone: (512) 477-2275
Telecopier: (512) 474-2667

**ATTORNEYS FOR PLAINTIFFS**

**OF COUNSEL:**
**Richard E. Pena Raymond**
State Bar Associate No. 24057659
Supervising Attorney: Jose Santiago Solis
304 Latour Drive
Laredo, Texas 78041
Telephone: (956) 286-9500
Telecopier: (956) 712-1297

**Jose M. Rubio, Jr.**
State Bar No. 17362100
1000 Washington, Suite 1
Laredo, TX 78040
Telephone: (956) 712-2223
Telecopier: (956) 712-2225

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served on all attorneys of record, in accordance with the Texas Rules of Civil Procedure, on this the 15th day of November, 2010, as follows:

*VIA ELECTRONIC FILING*
*and VIA TELECOPIER: FAX NO. (956) 523-5074*
Mr. Manuel Gutierrez
Webb County District Clerk
1110 Victoria, Suite 402
Laredo, Texas 78040

*VIA TELECOPIER: FAX NO. (210) 250-6100*
Mr. Merritt Clements
STRASBURGER & PRICE, LLP
300 Convent Street, Suite 900
San Antonio, Texas 78205-3715

*VIA TELECOPIER: FAX NO. (956) 727-5884*
Donato D. Ramos, Sr.
Law Offices of Donato D. Ramos, P.L.L.C.
Texas Community Bank Bldg., Suite 350
6721 McPherson Road
Laredo, Texas 78041
P.O. Box 452009
Laredo, Texas 78045-2009

_____
Christopher Dean